CATHARINE GORMAN *vs.* CITY OF LOWELL.

Middlesex. January 13. — 15, 1875. AMES & ENDICOTT, JJ., absent.

A woman, who worked in a mill in one town and temporarily boarded there, went on Saturday to see her children in an adjoining town. One of them being sick, she remained until Sunday night, when she went to the town where she worked to procure medicine for the sick child, intending to send it home by another person, and on her way was injured by a defect in a highway. *Held*, that the jury would be warranted in finding that she was travelling from necessity or charity.

TORT for personal injuries sustained by the plaintiff by reason of a defective highway. Trial in the Superior Court, before *Bacon*, J., who, after verdict, reported the case for the determination of this court, in substance as follows :

It appeared in evidence that the plaintiff lived with her children, sometime previous to the alleged accident, at Chelmsford, about four miles from Lowell; that she left her children in her house at Chelmsford a few days before the accident, and went to Lowell to work in a mill, and boarded in Lowell ; that on Saturday morning, September 13, 1873, she left her boarding-house temporarily and went to her home in Chelmsford, where she found one of her children sick ; that she took care of her child till Sunday night, September 14, 1873, and her child was better ; that a doctor lived near her, but she did not call him ; that on that Sunday, at about half past six in the afternoon, she left her house in Chelmsford for Lowell, and walked in company with several others until she reached Middlesex Street in Lowell, (which the defendant was bound to keep in repair,) when walking along the sidewalk, it being between seven and eight o'clock Sunday evening, she stepped into a hole therein, and very seri-

ously injured her foot, and there was evidence that she was walk·ing with due care.

Among other things, the plaintiff testified as follows on the direct examination : " My purpose in coming to Lowell was to get some medicine for my child. My child was croupy, and I had had medicine before for her of Dr. Graves, and it cured her, and I was going to Lowell to get some of that same." On cross-examination she said : " I started from my house in Chelmsford at half past six Sunday afternoon, September 14, 1873, to go to my boarding-house in Lowell. I did not intend to come back that night ; intended to go to my boarding-house, and get the medicine before I went to my boarding-house, and send it home to my child by a person whom I supposed would go to my house in Chelmsford that night ; but intended in the morning to see my overseer, and if I could get away I intended to go home in the morning, whether he gave me leave or not ; I intended to stay in my boarding-house over night, and to get my supper there. I left my daughter comfortable, and left directions with her, and a little girl who was with her, to take care of things and go to bed."

Upon this evidence the court ruled that the plaintiff could not recover although she used due care and the defect was one for which the city would be liable, and by consent of parties a verdict was thereupon taken for the defendant. If the ruling is correct, and the plaintiff cannot maintain her action, judgment is to be entered for the defendant ; otherwise the verdict is to be set aside and the case is to stand for trial.

*A. P. Bonney & C. A. F. Swan*, for the plaintiff, were stopped by the court.

*D. S. Richardson & J. F. McEvoy*, for the defendant.

GRAY, C. J. Upon the evidence stated in the report, the jury would have been warranted in finding that the plaintiff, having gone from Lowell, the place of her temporary residence and employment in a mill, to Chelmsford to visit her children, remained at Chelmsford through Sunday for the purpose of attending one of them who was sick, and returned to Lowell on Sunday evening for the purpose of obtaining medicine for her sick child, and was travelling from necessity or charity when she met with the injury for which this suit is brought.

*Verdict set aside.*