## CHARLESTON.

### STATE *v.* KNIGHT.

Submitted January 27, 1887—Decided February 5, 1887.

1. EVIDENCE—APPELLATE COURT—SUNDAY-LAW.

Where on a trial for a violation of section 16 of chapter 149 of the Code (sec. 16, chap. 123 of the Acts of 1882) the record shows, that the defendant was examined as a witness in his own behalf, and that the record of the conviction of said defendant for "false swearing" was admitted in evidence, but it does not appear, whether said record was admitted before or after the defendant testified, the appellate court will presume, that the record was admitted after the examination of the defendant and for the purpose of impeaching his credibility.   (p. 342.)

2. JURY—SUNDAY-LAW—REVERSAL.

On a trial for a violation of the Sunday-statute it is the province of the jury to determine under all the facts and circumstances of the case, whether the work charged to have been done on Sunday was or was not a work of "necessity;" and when the jury has found, that it was not a work of necessity, the appellate court

will not disturb the verdict unless the facts proven do not warrant such finding.   (p. 343.)

*R. S. Blair* for plaintiff in error.

*Alfred Caldwell, Attorney-General*, for the State.

JOHNSON, PRESIDENT:

In February, 1886, the defendant was indicted in the Circuit Court of Ritchie county for a violation of the Sunday-law.   The indictment charges, " that H. T. Knight on a Sabbath day, to wit, on the — day of July, 1885, in the said county was then and there found unlawfully laboring at a trade and calling, to wit, butchering, the same not being household or other work of necessity or charity, against the peace and dignity of the State."   The defendant moved to quash the indictment, which motion the court overruled, and the defendant pleaded " not guilty."   On the 30th day of June, 1886, the issue was tried before a jury, who rendered a verdict of " guilty " against the defendant.   The defendant moved to set aside the verdict and for a new trial, which was overruled, and the court entered a fine of five dollars and costs against him.   The defendant saved two bills of exceptions to rulings of the court during the trial; the first, to the admission of improper evidence; and the second to the refusal of the court to set aside the verdict and grant a new trial.   To the judgment a writ of error was granted.

Section 16 of chapter 149 of the Code (sec. 16, chap 123 of the Acts of 1882) provides:—" If any person on a Sabbath day be found laboring at any trade or calling or employ his minor children, apprentices or servants in labor or other business except in household or other work of necessity or charity, he shall be fined not less than five dollars for each offence."

The blank in the indictment as to the particular day of the month, on which the offence was committed, does not vitiate it.   The gist of the offence is, that the defendant labored at his trade or calling on Sunday, and it is alleged, that the labor was performed on a Sunday in the year 1886. In such a case it is not necessary to prove, that the offence

was committed on the particular Sunday laid in the indict-ment, if a particular Sunday is designated; for, though time is undoubtedly of the essence of the offence, so far as the day of the week is concerned, yet the particular Sunday or . day of the month laid, provided the same be within twelve months next previous to the finding of the indictment, is en-tirely immaterial. (*Frasier* v. *The State*, 5 Mo. 307.)

No objection to the indictment is pointed out, and we see no fatal objection to it. It is sufficient.

But it is alleged as error, that the court admitted the rec-ord showing, that the defendant had been convicted of "false swearing." If the defendant had not been examined as a witness in his own behalf, so that the record would not tend to impeach his credibility, and it appeared, that the record was introduced as substantive evidence to show, that, as the defendant had been convicted of one offence, he was proba-bly guilty of another and different offence, the evidence would have been inadmissible. For what purpose was the record of the defendant's conviction for "false swearing" in-troduced? The record shows, that after the jury was sworn * * * the State, to maintain the issue on its part, introduced the record in the case of the said State against the defend-ant in evidence, showing the trial and conviction of the said defendant for 'false swearing,' to which the defendant ex-cepted * * *, and the evidence was admitted." In the other bill of exceptions the evidence is not certified, but the facts proven are; and after detailing the other facts proven it states as follows :—"And it was also shown by the State, that the defendant had been convicted of false swearing in this Court."—In the certificate of facts is the following : —"And the defendant stated, that he intended to butcher the same" (the animal) "after twelve o'clock Sunday night, but that, whilst the said beef was so tied up in the stable, it got its horn knocked off close to its head, and that the de-fendant in order to save the meat, and for fear the meat might become fevered, butchered the said beef on Sunday." This clearly shows, that the witness was examined as a wit-ness in his own behalf; but it does not clearly appear, in what order the evidence was introduced. After the defend-ant had been examined in his own behalf, it would have

been proper to admit the record of the defendant's conviction for "false swearing" to impeach his credibility; and we must presume, that such was the order, in which, and the purpose, for which the record was admitted.

Did the court err in refusing to set aside the verdict and grant a new trial? The certificate clearly shows, that the defendant labored at his trade on Sunday. The facts show, that said beef was butchered for the accommodation of his customers, who desired it for court. There is nothing to show, that it was an act of charity to kill the animal on Sunday. Does it fall within the other exception? Was it a work of necessity? The proof shows, that the defendant on Sunday drove the animal from a farm into town and put it into a stable, and that he intended to slaughter it after twelve o'clock Sunday night, but while the animal was tied up in the stable, one of its horns was broken off close to its head, and to save the meat—fearing it would become fevered, he butchered it on Sunday, but it was further shown, that the animal would not have died from the hurt.

It has been held, that necessity, which will excuse one for travelling on Sunday, must be a real not a fancied necessity (*Johnson* v. *Irasburg*, 47 Vt. 28);—that the clearing of a wheel-pit on Sunday so as to avoid the necessity of stopping on a week-day a mill, at which many hands were employed, was not a work of necessity or charity (*McGrath* v. *Merwin*, 112 Mass. 467);—that one, who works by night instead of in the day-time, and who travels on Sunday for the purpose of seeing his master and inducing him to change his hours of labor from the night to the day-time in order that he may sleep better, is not travelling from necessity or charity (*Connolly* v. *Boston*, 117 Mass. 64);—but when a woman worked in a mill in one town and temporarily boarded there and went on Saturday to an adjoining town to see her children and finding one of them sick remained until Sunday night, when she returned to the town, where she worked, to procure medicine for the sick child, the jury would be warranted in finding that she travelled from necessity or charity. (*Gorman* v. *Lowell*, 117 Mass. 65). So, when a maid-servant without any fault of hers was prevented from returning from her mother's house to her em-

ployer's on Saturday night, it was held, that her employer was justified in using his horse and carriage to bring her to his house on Sunday, that she might prepare the needful food for his family. (*Crossman* v. *Lynn*, 121 Mass. 301).

It was for the jury to determine under all the facts and circumstances of this case, whether the work done by the defendant on Sunday was or was not a work of necessity. The jury having found, that it was not a work of necessity, under well settled rules the appellate court can not disturb the verdict, unless from the facts proven the jury was not warranted in such finding. We think the jury was warranted in finding the verdict complained of; and we affirm the judgment.

AFFIRMED.