JOHN F. DOYLE *vs.* LYNN & BOSTON RAILROAD COMPANY.

Essex.    Nov. 6, 1874. — Sept. 3, 1875.    AMES & DEVENS, JJ., absent.

One who travels from one town to another on the Lord's day for the sole purpose of visiting a friend, whom he knows to be sick and thinks may be in need of assistance, and of rendering such assistance as on inquiry he might find to be necessary, is travelling from charity; and in an action against a railroad corporation, for injuries sustained while a passenger on that day, on putting in evidence that he was travelling for the purpose above stated, he is entitled to go to the jury on the question whether he was travelling lawfully or not, although he offers no evidence of the ground of his belief that his friend was in need of assistance.

TORT for injuries sustained by the plaintiff while a passenger in one of the defendant's cars.

At the trial in the Superior Court, before *Lord,* J., the plaintiff testified that he resided in Lynn, and that on Sunday, November 10, 1872, he went to Boston in a car of the defendant corporation, and that on his return, in another car of the defendant, he received the injuries complained of. Upon the question whether he was travelling lawfully on that day, he testified that his brother Martin came to Lynn, on Saturday afternoon or evening; that he had previously received a letter from him announcing his purpose to come to Lynn, and proposing to him to go to Boston on Sunday to see one Sweeny, a friend of both of them, who was sick; that the plan of going to Boston on Sunday was arranged on Saturday night, that he and his brother went to Boston on Sunday for the sole purpose of visiting this sick friend,

whom his brother had known for many years, and with whom he had been acquainted in Maine several years before, and for the purpose of seeing if he was in need of anything ; that they did visit him in Boston, and had no other errand in Boston, and did nothing else when there, except to get some supper in a saloon ; that they found Sweeny sitting in a rocking chair, who told them that he had a doctor, which the plaintiff then learned for the first time ; that they reached Boston about four o'clock in the afternoon, and took the car to return between six and seven.

Martin Doyle, the brother of the plaintiff, testified that he came to Lynn on Saturday afternoon from Woonsocket, (where he had previously resided, and where he had been in business until a week or two before, but to which place he did not intend to return,) passing through Boston, on his way, without calling on Sweeny ; that he knew Sweeny was sick, and thought he might be in need of assistance, and that he went to Boston on Sunday solely for the purpose of seeing Sweeny, and rendering him such assistance as on inquiry he might find to be necessary ; that they found him at his house sick, and inquired if he was in need of any assistance, to which he replied in the negative.

There was no evidence that either the plaintiff or his brother had any information leading them to think that Sweeny might be in need of assistance ; and the brother testified that he had no special reason for thinking that he did need assistance.

The plaintiff was a laboring man and was constantly employed about his work during the week. His brother had given up his business in Woonsocket about ten days before and came to Lynn on Saturday, as above stated, to visit his brother and a sister who lived there. Both of the witnesses testified that they had heard of the great fire then raging in Boston, before they left Lynn, but that they did not go to see it, and did not see it, and took a route to Sweeny's house, by which they avoided the scene of the fire, on account of the crowd.

There was no different evidence on this part of this case ; and the judge ruled that upon this evidence the jury would not be warranted in finding that the plaintiff was travelling lawfully on the Lord's day, but would be required to find that he was so travelling unlawfully as to preclude him from recovering, even if he proved everything else essential to his case, and directed the jury to find for the defendant.

The case was reported to this court. If the ruling as above stated was correct, judgment was to be rendered on the verdict ; otherwise the verdict to be set aside and a new trial granted.

*S. B. Ives, Jr.,* ( *G. L. Huntress* with him,) for the plaintiff.

*E. Tappan,* for the defendant.

GRAY, C. J. The provision of the Lord's Day Act, which prohibits travelling, like that which forbids the doing of any business, labor or work, excepts what is done from " necessity or charity. Gen. Sts. *c.* 84, §§ 1, 2. The exception has been often said by this court to cover everything which is morally fit and proper to be done upon that day under the particular circumstances of the case. *Commonwealth* v. *Knox,* 6 Mass. 76, 77. *Flagg* v. *Millbury,* 4 Cush. 243, 244. *Bennett* v. *Brooks,* 9 Allen, 118, 123. *Commonwealth* v. *Sampson,* 97 Mass. 407, 409. In the last case, Mr. Justice Hoar said that acts to prevent or relieve suffering of men or animals would unquestionably fall within the exception.

In considering what is lawful or fit to be done on the Lord's day, " charity " must include everything which proceeds from a sense of moral duty, or a feeling of kindness and humanity, and is intended wholly for the purpose of the relief or comfort of another, and not for one's own benefit or pleasure. That a visit to a sick child or other near relative upon the Lord's day is within the exception is well settled. *Pearce* v. *Atwood,* 13 Mass. 324, 350, 351. *Gorman* v. *Lowell,* 117 Mass. 65. *McClary* v. *Lowell,* 44 Vt. 116. The same reason extends to the case of a sick friend.

In the case at bar, there was evidence tending to show, and which would have warranted the jury in finding, that the plaintiff was travelling with his brother for the sole purpose of visiting a common friend, whom they knew to be sick, and thought might be in need of assistance, and of rendering such assistance as on inquiry they might find to be necessary. The absence of evidence of the grounds of their knowledge or belief is immaterial, except as a circumstance to be considered by the jury in determining whether the real purpose of their journey was as the rest of the evidence tended to show. *Myers* v. *State,* 1 Conn. 502. The jury having been instructed otherwise, the

*Verdict must be set aside.*