## DANIEL CRONAN vs. CITY OF BOSTON.
## JOHN FARRELL vs. SAME.

Suffolk. January 9. — 31, 1884. C. ALLEN & HOLMES, JJ., absent.

A person who travels from one town to another on the Lord's day, for the sole purpose of visiting an invalid sister, whom he believes to be ill, and another person who drives the former, at his request, solely for the same purpose, are travelling from charity, within the Pub. Sts. c. 98, § 3; and each person may maintain an action against a town for personal injuries occasioned by a defect in a highway therein, although the plaintiff testifies that his only reason for going on the Lord's day instead of on a week day was that he could not have gone on a week day on account of his work.

TWO ACTIONS OF TORT for personal injuries occasioned to the plaintiffs by the same defect in a highway in the defendant city. The cases were tried together in the Superior Court, before *Pitman*, J., who allowed in each case a bill of exceptions, in substance as follows:

At the time of the accident, April 16, 1882, which was Sunday, Cronan resided in Brockton, and had there resided since the previous November. During this period his sister resided in Boston, twenty miles distant. He testified that his only purpose in coming to Boston was to see his sister, on account of her invalid condition. She had been ill more or less since 1874. On the afternoon before the accident, Cronan was informed that his mother had gone to Boston to his sister's, and that his sister was ill; and testified that he supposed his sister was worse, and his only reason for supposing so was the fact that he had heard that his mother had gone to Boston.

On the day of the accident, Cronan, desiring to see his sister, and having risen too late to take the morning train to Boston, at about a quarter before nine requested Farrell, a friend of his, who owned a horse and buggy, to take him to Boston for that purpose. Farrell acceded to the request, and the two were proceeding along Dorchester Avenue in Boston, in Farrell's buggy, driven by Farrell, without pay, for the above purpose, as they respectively testified, when the buggy struck an obstruction and was overturned, the occupants were thrown out, and the horse ran away in the opposite direction to that in which they had been travelling. After attempting without success to hire

a horse and wagon, they went in a street-car to a hotel in Boston, where both remained until the next day, though there was an afternoon train from Boston to Brockton after their arrival at Boston. Cronan testified that he did not see his sister that day on account of his injuries; that he started with Farrell to visit her, but, owing to the plaintiff's lameness, they went but a short distance and returned to the hotel; that on Monday, he called on his sister and found her not very ill, but "ailing," and no worse than she had been; that he had not visited her since he began to reside in Brockton; and that his only reason for going on Sunday, instead of on a week day, was that he could not have come to Boston on a week day on account of his work.

At the conclusion of the testimony, the defendant asked the judge to rule that the plaintiff in each case had introduced no evidence to show that he was travelling either from necessity or charity; but the judge declined so to rule.

The jury returned a verdict for the plaintiff in each case; and the defendant alleged exceptions.

*E. B. Hagar*, for the defendant.

*H. E. Swasey & G. R. Swasey*, for the plaintiffs.

FIELD, J. There was evidence for the jury, that Cronan was travelling on the Lord's day for the sole purpose of visiting a sister whom he believed to be ill, and who was in fact an invalid, and that Farrell, at Cronan's request, was driving him to Boston solely for that purpose. This is evidence that both were travelling on the Lord's day from charity, within the meaning of the Pub. Sts. *c.* 98, § 3. *Doyle* v. *Lynn & Boston Railroad*, 118 Mass. 195. *Exceptions overruled.*