JOHN M. BARKER *vs.* CITY OF WORCESTER.

Worcester.   Oct. 1, 1884. — March 20, 1885.   COLBURN, J., absent.

A person on the Lord's day, partly for exercise and partly to make a social call, walked a mile to the house of a friend, spent the evening there with him and another friend, accepted the latter's invitation to go to his hotel in a carriage, thus deviating one eighth of a mile from his direct route home, spent a quarter of an hour at the hotel, and, while walking home therefrom, sustained an injury through a defect in a highway. *Held,* that he was not "travelling," within the Pub. Sts. *c.* 98, § 3; and could maintain an action against the city bound to keep the way in repair.

TORT for personal injuries occasioned to the plaintiff by reason of a defect in a street crossing in the defendant city. Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions, in substance as follows :

The plaintiff testified, that on Sunday, February 12, 1882, at half-past seven o'clock in the evening, he left his residence on

Pleasant Street and walked to the home of one Sargent, about a mile distant, and met there one Hand, a friend from New York, who was stopping at the Bay State House; that about ten o'clock, the plaintiff, on Hand's invitation, rode to the Bay State House with him in a carriage, and, after spending fifteen minutes in his room, left for home, and on his way, while walking on the sidewalk or crossing, sustained the injury complained of.

The plaintiff also testified, that he went out partly for exercise and partly to make a friendly and social call; that he expected to meet Hand, but only as a friend; that there was no conversation on business subjects; and that he saw no one at the Bay State House except Hand.

The plaintiff's route home by way of the hotel was longer than the direct route by one eighth of a mile.

Upon this testimony, the judge ruled that the plaintiff, when he received the injury, was travelling in violation of law; and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*W. W. Rice*, for the plaintiff.

*F. P. Goulding*, for the defendant, cited *Davis* v. *Somerville*, 128 Mass. 594.

W. ALLEN, J. The only question which we need consider is, whether the court properly ruled that the plaintiff was " travelling," within the meaning of Pub. Sts. *c.* 98, § 3, which provides that " whoever travels on the Lord's day, except from necessity or charity, shall be punished by fine not exceeding ten dollars for each offence."

It was held in *Hamilton* v. *Boston*, 14 Allen, 475, upon full consideration, that walking half a mile in the streets of Boston for air and exercise was not travelling, within the meaning of the statute. We cannot distinguish the case at bar from that case. The difference in distance passed over does not distinguish the cases. If a walk of half a mile does not make a person a traveller, it cannot be held, as matter of law, that he becomes one by extending his walk to a mile and an eighth.

The fact that the plaintiff rode part of the way on his return is immaterial, even if riding is more travelling or more unlawful than walking. He started from his home to walk; he was walking when he was injured, and the fact that he rode part of the

way on his return, even if this were unlawful, could not affect the character in which he was using the highway at the time he was injured. *Davidson* v. *Portland,* 69 Maine, 116.

The only other ground for distinguishing the cases is, that in *Hamilton* v. *Boston* the purpose of the plaintiff in walking was merely for recreation ; in this case, there was also the purpose of making a social call. Neither act is prohibited by law, if that is material. It is not unlawful under the statute, or as against public policy, to pay friendly visits, or to indulge in the recreation of walking, on the Lord's day. It is unlawful to travel for the purpose of doing either; but it is not the purpose, but the fact of travelling for the purpose, that renders the act unlawful. Upon no principle can the same walk be held to be travelling if for the purpose of making a friendly call, and not travelling if for the purpose of air and exercise. A construction of the statute cannot be tenable which will hold a person to be an innocent passer-by if walking for recreation, but an unlawful traveller if walking to call upon his neighbor ; and which will impose the character of a traveller violating the law upon any person who, on a Sunday evening, seeks social intercourse outside of his own household.

In *O'Connell* v. *Lewiston,* 65 Maine, 34, the case of *Hamilton* v. *Boston* was followed, and a person was held not to be a traveller who took a walk of a mile and returned, calling on the way at a house for a companion ; and this was affirmed in *Davidson* v. *Portland, ubi supra.*

In the opinion of a majority of the court, the entry must be,

*Exceptions  sustained.**

---

* Section 1 of the St. of 1884, *c.* 37, which took effect on February 27, 1884, is as follows: "The provisions of chapter ninety-eight of the Public Statutes relating to the observance of the Lord's day shall not constitute a defence to an action for a tort or injury suffered by a person on that day."