MARIA E. SULLIVAN *vs.* MAINE CENTRAL RAILROAD COMPANY.

Kennebec. Opinion December 28, 1889.

*Sunday law. Railroad. Personal injuries. Damages. R. S., c. 124, § 20.*

Riding upon Sunday for exercise, and for no other purpose, is not a violation of the statute in relation to the observation of the Lord's day.

The statute was not intended as an arbitrary interference with the comfort and conduct of individuals when necessary to the promotion of health in walking or riding in the open air for exercise.

ON MOTION AND EXCEPTIONS.

This was an action to recover for personal injuries received by the plaintiff, on Sunday, August 18, 1883, when she was thrown from a wagon while crossing the defendants' track, in Burnham.

The plaintiff, a cripple, was riding with her brother along the public highway, for the benefit of the air, and when the horse

reached the railroad, which crosses the highway at Burnham station, it stepped into a hole or space between the rail and planking and was thereby thrown down, at the same time causing the occupants of the carriage also to be thrown upon the ground. The plaintiff when thus thrown from the carriage struck upon the ground in a sitting posture, and alleged that she received severe injuries from which she has endured prolonged suffering. The defendants contested the extent of these injuries. There was a verdict of $2118.18 for the plaintiff.

The defendants contended that the plaintiff, at the time of the accident, was travelling in violation of the statute relating to the observance of the Lord's day. The case was tried in the superior court, for Kennebec county, and the presiding justice, upon this point instructed the jury as follows :—

"I instruct you as matter of law in this case, that, if you find that on the day of the alleged accident this plaintiff accepted the invitation of her brother to ride in the open air, with no purpose of stopping at any place other than at her own home, after they had ridden as far as they desired, with no object of business or concerted arrangement for pleasure, and no other object than that of enjoying the open air and such gentle exercise as might be afforded by thus riding in that wagon with her brother, in view of the fact, I say, that she had been deprived of one of her legs and was unable to walk with the same comfort and facility as others, and enjoy such exercise as might be afforded by walking, she would not be travelling within the meaning of this statute and in violation of the law of the state ; and would not, by that fact, be prohibited from recovering any compensation, to which she might otherwise be entitled, for any injury sustained by reason of the negligence of the defendant corporation."

To these instructions the defendants excepted.

*F. A. Wilson and C. F. Woodard* for defendants.

Sunday law : *Day* v. *Highland Street Ry.*, 135 Mass. 113, 114.

Motion : *Haring* v. *N. Y. & Erie R. R. Co.*, 13 Barb. 9, 15, 16 ; *Suydam* v. *Grand Street & Newton R. R. Co.*, 41 Barb. 375, 380 ; *St. Louis, Alton & Terre Haute R. R. Co.* v. *Manly*, 58 Ills,

300, 309 ; *Toomey* v. *London, Brighton & South Coast Ry. Co.*, 3, C. B. (N. S.) (91 E. C. L.) 146 ; Pierce on Railroads, p. 312.

*H. M. Heath and ·O. A. Tuell*, for plaintiff.

Case at bar is not a statutory action. It is a claim at common law. The rule in Maine that unlawful travelling on Sunday bars recovery has been enforced only in statutory actions against towns,—their duties being statutory, and liability statutory, liable only to travellers "lawfully travelling." Their duty to keep the highway "safe and convenient" is for travellers using the highway lawfully. A violator of one statute cannot invoke another statute upon which to build his action. Upon these grounds, and in cases against towns, the Mass. rule is defensible. *Johnson* v. *Irasburg*, 47 Vt. 28 ; S. C. 19, Am. Rep. 111.

FOSTER, J. The defendants' contention in support of the single question raised by the exceptions, is founded upon the erroneous assumption that riding upon Sunday for exercise, and for no other purpose, is a violation of the statute in relation to the observance of the Lord's day. The statute is not to be so construed. Such an interpretation would be contrary to the spirit as well as the letter of a statute which expressly excepts from its prohibition works of necessity or charity. R. S., c. 124, § 20.

And this exception may properly be said to cover everything which is morally fit and proper, under the particular circumstances of the case, to be done upon the Sabbath.

Tested by this rule, our own court in *O'Connell* v. *Lewiston*, 65 Maine, 34, and *Davidson* v. *Portland*, 69 Maine, 116, has held that walking out in the open air upon the Sabbath for exercise is not a violation of the statute.

In other jurisdictions, also, it has been held not to be unlawful to ride to a funeral, (*Horne* v. *Meakin*, 115 Mass. 326) ; walking to prepare medicine for a sick child (*Gorman* v. *Lowell*, 117 Mass. 65) ; riding to visit a sick sister, (*Cronan* v. *Boston*, 136 Mass. 384) ; travelling to visit a sick friend (*Doyle* v. *Lynn & Boston R. R.*, 118 Mass. 195) ; a servant riding to prepare needful food for her employer (*King* v. *Savage*, 121 Mass. 303) ; a father rid-

ing to visit his two boys (McClary v. Lowell, 44 Vt. 116); walking for exercise (Hamilton v. Boston, 14 Allen, 475); and walking partly for exercise and partly to make a social call (Barker v. Worcester, 139 Mass. 74).

The statute was never intended as an arbitrary interference with the comfort and conduct of individuals when necessary to the promotion of health in walking or riding in the open air for exercise. The prohibition is against unnecessary walking or riding. As a general rule the jury, under proper instructions from the court, must determine this question from the circumstances presented to them.

In this case we can perceive no error in the instructions, and the exceptions must be overruled.

Nor do we think the verdict should be disturbed under the motion for a new trial. A very careful examination of the evidence satisfies us that upon the questions of fact submitted to the jury no interference by this court is necessary. The plaintiff was clearly entitled to some damages. The amount awarded does not appear to be excessive.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, EMERY and HASKELL, JJ., concurred.