. [No. 5502.]
[No. 3172 C. A.]

### FRERKER v. NICHOLSON.

1. **Master and Servant—Hirer of Vehicle and Driver for Use of Another—Negligence of Driver—Injury to Third Person—Liability—Damages.**

   Where a person hires of another a vehicle and driver to be used in carrying third persons to and from certain points, and exercises no control whatever over the driver, further than to tell him in a general way to carry the occupants, the owner, and not the hirer, is liable in damages for injuries which result to such occupants as the result of the driver's negligence.—P. 15.

2. **Same.**

   An undertaking company hired a carriage and driver from a livery stable to carry those attending a funeral to the cemetery and back to their respective residences. On returning, as the plaintiff was about to alight from the carriage, the driver suddenly started the horses and threw her to the ground, causing injuries for which an action was brought against the livery stable owner. Held, that the latter, and not the undertaking company, is liable for the injuries sustained.—P. 15.

*Appeal from the District Court of the City and County of Denver.*

*Hon. F. T. Johnson, Judge.*

Action by Jemima Nicholson against W. C. Frerker. From a judgment for plaintiff, defendant appeals.          *Affirmed.*

Mr. F. D. TAGGART, for appellant.

Mr. R. D. REES, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The present appeal was argued and submitted in connection with the case of *Nicholson v. McGovern Undertaking Co. et al.,* the opinion in which is reported *ante,* p. 1. This action is for the recovery of damages for the same personal injuries caused by the same act of negligence. The statement of facts set forth in that opinion is applicable to this case, so far as concerns the legal question involved.

A number of grounds are assigned for reversal, but none of them calls for discussion except a question of law, which may thus be stated: In the ordinary hiring from a livery stable keeper of a carriage, horses and driver, is the owner thereof, or the hirer, who exercises no control over the driver further than a general direction where to go, and if either, which one is, liable in damages to a third person who receives injuries on account of the driver's negligence?

Counsel for appellant, who is the owner of the horses and carriage and whose servant was the driver, in support of the proposition that the hirer, and not the owner, is liable in the circumstances which this case presents, relies, among other cases, upon *Bush v. Steinman,* 1 Bos. & P. 404. This case was commented upon by the judges in *Laugher v. Pointer,* 5 B. & C. 579, and again in *Quarman v. Burnett,* 6 M. & W. 497. Therein it, and similar cases, where occupiers of land or buildings were held responsible for acts of others than their servants done upon, or near, or with respect to, their property, were clearly distinguished from the cases like the present one, commonly known as the carriage cases. In *Quarman v. Burnett,* Parke, B., thus states the principle applicable to the case at bar:

"Upon the principle that *qui facit per alium facit per se,* the master is responsible for the acts of

his servant; and that person is undoubtedly liable, who stood in the relation of master to the wrong-doer—he who had selected him as his servant, from the knowledge of or belief in his skill and care, and who could remove him for misconduct, and whose orders he was bound to receive and obey; and whether such servant has been appointed by the master directly, or intermediately through the intervention of an agent authorized by him to appoint servants for him, can make no difference.''

Another class of cases; like those where a railroad company is held not responsible for negligence in the operation of its engine when, at the time of the accident, its engineer and the crew by which it was operated were rented to, and under the control of, another, is very clearly distinguished, by Taft, circuit judge, in *Byrne v. Kansas City, etc., R. R. Co.*, 61 Fed. 605. The learned judge quotes with approval the following language of Lord Justice Bowen, in *Donovan v. Construction Syndicate*. 1 Q. B. 629:

''The principal part of the argument for the plaintiff was founded on what may be called the carriage cases: *Laugher v. Pointer*, and *Quarman v. Burnett;* but they really have nothing to do with the point presented in this appeal. If a man lets out a carriage on hire to another, he in no sense places the coachman under the control of the hirer, except that the latter may indicate the destination to which he wishes to be driven. The coachman does not become the servant of the person he is driving; and if the coachman acts wrongly, the hirer can only complain to the owner of the carriage. If the hirer actively interferes with the driving, and injury occurs to any one, the hirer may be liable, not as a master, but as the procurer and cause of the wrongful act complained of.''

In the case at bar the negligence relied upon was that of the driver, the servant of defendant. The undertaking company hired of the defendant a carriage, horses and driver, and exercised no control whatever over the driver, further than to tell him in a general way to drive to the cemetery and return the occupants of the carriage to their homes. The defendant, and not the hirer, exercised sole control over the driver in the mode and manner in which the latter performed the service. The defendant, and not the hirer, employed the driver, and defendant was the only one who had power to discharge him or direct his movements. In such circumstances, it is unquestionably the law that the owner, and not the hirer, is liable in damages for injuries which result to the occupant of a carriage as the result of the driver's negligence.

To this proposition a number of cases might be cited, but three leading cases in this country are sufficient: In *Little v. Hackett,* 116 U. S. 366, in a luminous opinion by Mr. Justice Field, it was held, quoting from the syllabus: "A person who hires a public hack and gives the driver directions as to the place to which he wishes to be conveyed, but exercises no other control over the conduct of the driver, is not responsible for his acts or negligence."

*Joslin v. Grand Rapids Ice Co.,* 50 Mich. 516, in an opinion by Cooley, J., holds the owner, and not the driver, liable.

Holmes, C. J., in *Driscoll v. Towle,* 181 Mass. 416, says: "In cases like the present, there is a general concensus of authority that, although a driver may be ordered by those who have dealt with his master to go to this place or that, to take this or that burden, to hurry or to take his time, nevertheless, in respect to the manner of his driving and the control of his horse, he remains subject to no orders

but those of the man who pays him.   Therefore, he can make no one else liable if he negligently runs a person down in the street.''

· See other cases collated in 20 Am. & Eng. Enc. Law (2d ed.) 178.

The judgment of the district court is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.