ANNA E. JOHNSON, Appellee, *vs.* CHARLES A. COEY, Appellant.

*Opinion filed December 15, 1908.*

1. TRIAL,—*what questions are for the jury.* In an action for damages for injuries received by a passenger in an automobile hired from the defendant, who furnished the driver, the questions of the rate of speed of the automobile when it collided with a street car; whether the driver slackened speed; whether it was negligence to so approach the car, and whether the breaking of the brake-rod of the automobile caused the collision or the collision broke the rod, are for the jury.

2. NEGLIGENCE—*duty of the driver of hired automobile.* The driver of an automobile for hire owes to the passengers the duty of keeping a proper lookout for persons and vehicles and of using care to have the automobile under such control as to enable him to avoid collisions.

3. SAME—*what does not relieve owner of automobile from liability.* The owner of an automobile for hire who furnishes the driver is liable for an injury to a passenger which would not have happened but for the driver's negligence in approaching a street car at a high rate of speed without having the automobile under control, even though a latent defect in the brake-rod caused it to break when the driver attempted to stop the automobile to avoid colliding with the car.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

BENJAMIN LEVERING, for appellant:

Where an accident occurs because of the breaking of a piece of machinery in which there was an undetectable flaw, and where the defendant has used all proper diligence to discover breaks or faults in the machinery, he is not guilty of negligence. *Ingalls* v. *Bills,* 9 Metc. 1; *Carter* v. *Cable Railway Co.* 42 Fed. Rep. 37; *Kelley* v. *Railway Co.* 109 N. Y. 44; *Frink* v. *Potter,* 17 Ill. 406; *Railroad Co.* v. *Phillips,* 49 id. 234; *Railway Co.* v. *Beggs,* 85 id. 80.

The case must be proved as laid in the declaration, and a failure to prove the case set out is fatal. The liability of the appellant in this case is only that of a livery stable keeper who rents a carriage, horses and driver, and is only that of a private carrier for hire. *Stanley* v. *Steele,* 77 Conn. 688; *McGregor* v. *Gill,* 114 Tenn. 521.

FRANK A. ROCKHOLD, and FRANCIS X. BUSCH, for appellee:

It is negligence, at common law, to run an automobile at a high rate of speed along a public street approaching an intersection of another street, on which street cars are operated, without keeping a lookout for possible danger, and reducing speed or getting the automobile under such control that it can be stopped in time to avoid a collision with

.a car. *Christy* v. *Elliott,* 216 Ill. 31; *Buscher* v. *Trans-portation Co.* 106 App. Div. (N. Y.) 493; *Simeone* v. *Lindsay,* 65 Atl. Rep. 778; *Thies* v. *Thomas, 77* N. Y. Supp. 276.

. If the negligence of the chauffeur was a proximate or efficient concurring cause of the collision the appellant is liable for the damage, even though there may have been another contributing cause. *Electric Co.* v. *Rose,* 214 Ill. 545; *Pullman Car Co.* v. *Laack,* 143 id. 242; *Railroad Co.* v. *Harrington,* 192 id. 9.

Where two or more causes contribute to produce an injury, which one was the proximate cause is a question for the jury. *Iron Co.* v. *Dillon,* 206 Ill. 145; *Sash Works* v. *Pohlman,* 210 id. 133; Thompson on Negligence, sec. 161; 21 Am. & Eng. Ency. of Law, (2d ed.) 508, 509.

Proximate cause is a question of fact, which is settled by the judgment of the Appellate Court. *Railroad Co.* v. *Dudgeon,* 184 Ill. 477; *Swift & Co.* v. *Rutkowski,* 182 id. 18.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal is from a judgment of the Appellate Court for the First District affirming a judgment recovered by the appellee for damages sustained by her in a collision between a street car and an automobile.

The appellee, with several other persons, was riding in the automobile which they had hired of appellant, who also furnished a driver. The collision occurred at the intersection of Thirty-fifth street and Indiana avenue, in the city of Chicago. There were two street car tracks on each street. The automobile was going west on the north side of Thirty-fifth street and the street car north on Indiana avenue. The automobile struck the rear end of the street car and appellee was thrown out on the pavement and severely injured. The declaration charges that the driver of the automobile so negligently operated the machine as to

run it against the car and cause the injury. The appellant
claims the collision occurred because of the breaking of the
brake-rod, and that the brake-rod broke because of a flaw
therein which was a latent defect, not discoverable by in-
spection or by any usual and practicable test.

There was evidence tending to prove that the machine
was running at the rate of twelve or fifteen miles an hour;
that the street car had slowed up or stopped on the south
side of Thirty-fifth street, and, having nearly crossed the
street, was slowing down for a stop for passengers on the
north side; that no signal was given of the approach of
the machine; that the driver did not slacken speed or make
any effort to stop the machine or check its speed, and that
the force of the collision was such as to throw appellee out
on the street and to wholly disable the automobile so that
it could not be used. On the contrary, there was evidence
tending to prove that the machine was going at the rate of
seven miles an hour; that the driver, in approaching In-
diana avenue, slowed down to four miles an hour; that he
applied his foot to the brake and the brake-rod broke; that
if it had not broken the machine would have stopped more
than six feet from the car; that there was no other way
to stop the machine; that the machine was thoroughly in-
spected before leaving the garage; that an examination
after the accident disclosed a flaw in the broken brake-rod,
and that such flaw could not have been discovered by in-
spection before the accident.

The driver of the automobile was bound to use at least
reasonable and ordinary care. He was bound to anticipate
that he might meet persons or vehicles and to keep a proper
lookout for them and use care to have his machine under
such control as to enable him to avoid collisions. It was
for the jury to say what the rate of speed was; whether
it was negligence to approach the street intersection at such
rate; whether the driver slackened speed; whether there
was a lack of ordinary care in approaching the car with-

out slackening speed, and whether the brake-rod broke and caused the collision or the force of the collision broke the brake-rod. These are all questions of fact, which we are not authorized to determine. The judgment of the Appellate Court has concluded that question. The issue was properly left to the jury.

The court refused to give to the jury the following instruction asked by the appellant:

"The court instructs the jury that the plaintiff has charged in her declaration in this case that she received her injuries by reason of the negligent running of the automobile by the driver of the defendant and does not allege any other ground of recovery; and the court further instructs the jury that if they believe, from the evidence in this case, that the plaintiff received injuries and that they were caused by an accident resulting from defective machinery, the plaintiff cannot recover, because the plaintiff has not alleged said cause as a ground of recovery."

The instruction was properly refused, because though the accident may have resulted from defective machinery, yet if the driver's negligence in operating the machine was the cause of the accident the appellee was entitled to recover. Appellant's seventh instruction stated to the jury, in effect, that if the accident was caused by the breaking of the brake-rod and if such breaking of the brake-rod was not caused by the driver's negligence the plaintiff could not recover. This was as favorable an instruction as the appellant was entitled to, for if the driver of the automobile negligently ran near to the street car at a high rate of speed without having his machine under control, and if without such negligence the accident would not have happened, the appellant would still be liable, even though the breaking of the brake-rod was occasioned by a latent defect for which he was not responsible.

We find no error in the record. The judgment is affirmed.

*Judgment affirmed.*