GERRETSON, Administrator, Appellant, vs. RAMBLER GARAGE COMPANY, Respondent.

*April 23—May 14, 1912.*

*Master and servant: Negligence of chauffeur of hired automobile: Injury to occupant: Liability of master: Sunday contracts.*

1. A chauffeur employed at a public garage and sent out in charge of a hired car to operate and manage it is, while so engaged, the servant of the keeper of the garage and not of the hirer of the car.
2. If such chauffeur, while acting within the scope of his duty, is guilty of a want of ordinary care in driving the car which results in injury to the occupants, the master is liable.
3. In such case the cause of action is based upon the tort or negligence and not upon the contract of hiring, and it is therefore immaterial whether or not the contract was void because made and performed on Sunday.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Reversed.*

This action was brought by the plaintiff, as administrator with the will annexed of the estate of Wilhelmina Gerretson, deceased, to recover upon two causes of action; one in favor of the estate of deceased, and the other in favor of the beneficiaries of said deceased under the death statute for the benefit of her children on account of the negligence of the defendant. Damages are claimed in the sum of $5,000 under the first cause of action and in the sum of $3,500 under the second cause of action.

The answer admits that Wilhelmina Gerretson died testate on the 16th day of December, 1909, and the representative capacity of the plaintiff; that deceased was injured at the time and place alleged in the complaint, and that she was a widow; also admits the corporate existence of the defendant, and denies generally, upon information and belief, the other allegations of the complaint.

The court granted a nonsuit as to the second cause of action, and after the evidence was all in directed a verdict for the defendant. Judgment was entered in favor of the defendant dismissing the complaint, from which this appeal was taken.

The evidence tends to show that during the afternoon of Sunday, November 7, 1909, William F. Gerretson, a son of deceased, called defendant's garage by telephone and ordered a seven-passenger automobile to come to his home on Garfield avenue, in the city of Milwaukee, for a drive about the city, carrying himself, members of his family, and friends. In response to the call one of defendant's seven-passenger forty-five horse power automobiles, driven by defendant's servant, L. D. Cook, went to the home of W. F. Gerretson under instructions from defendant's foreman to drive the machine where directed, and Mr. and Mrs. W. F. Gerretson and Mr. and Mrs. James Donovan there entered the car, Mr. Gerretson directing the chauffeur to drive to 1820 Grand avenue, the home of R. W. Gerretson, another son of deceased. There deceased and her granddaughter entered the car and the chauffeur was directed to drive to the Gerretson store, 107 Wisconsin street, thence to several places on Milwaukee street, and thence to a point on Van Buren street between Knapp street and Juneau avenue. The day was misty and rainy and the sides, top, and glass wind-shield of the automobile were up to protect the occupants. The pavement was wet and slippery and there were tire chains in the car, furnished by defendant to meet the very conditions then presented by wet and slippery pavements. The chauffeur negligently failed to put them on because he "did not want to get his hands and clothes soiled." After leaving the Peacock home on Van Buren street on the return trip to the home of R. W. Gerretson on Grand avenue, the chauffeur selected his own route and drove north on Van Buren street to Knapp street, west on Knapp street to Milwaukee street, and south on Milwaukee street in a straight line five blocks to its intersection with Mason street.

Going south on Milwaukee street the automobile was driven at a speed of eighteen to twenty miles an hour in violation of the ordinance of the city limiting the speed to twelve miles per hour.    When the street car, running west on Mason street, came into view, the speed with which the automobile was driven made a collision between it and the car inevitable, and to minimize its effect the chauffeur turned sharply the corner at Mason and Milwaukee streets, going west.    The street car and automobile reached the west line of Milwaukee street at the same time, and the speed of the automobile being so great, its rear wheels skidded on the pavement and the rear end of the automobile collided with the street car at its forward truck, just behind the front platform.    The force of the impact was so great as to throw deceased with such violence against the left side of the automobile as to completely fracture five ribs and severely bruise her hip and back.    The automobile was held fast to the street car for a few minutes, then freed, and ran down hill on the north side of Mason street about sixty feet.    After the release from the street car W. F. Gerretson and James Donovan administered to the two injured ladies, and the wrecked machine was then driven by the chauffeur to the garage, about a block from the place of the accident, and the deceased and Mrs. Donovan were lifted into another automobile and driven by the chauffeur, Cook, to the home of W. F. Gerretson, into which they were carried.    From this time until her death deceased suffered great pain, and during that period was confined almost continuously to her bed, being moved with difficulty and never without assistance.    From the injuries sustained and the pain and suffering undergone, death ensued December 16, 1909.

It further appears that during the entire period of hiring, Cook, as driver of the automobile, was acting wholly within the scope of his employment and in compliance with the directions of the defendant.

*Paul D. Durant,* for the appellant.

For the respondent there was a brief by *Lines, Spooner, Ellis & Quarles,* and oral argument by *F. C. Ellis.*

KERWIN, J.  There is ample evidence to entitle the jury to find that the chauffeur so negligently operated the car as to cause the injury in question.  But it is insisted by respondent that the directed verdict for defendant and judgment dismissing the complaint should be upheld for the following reasons: (1) that the chauffeur was the servant of W. F. Gerretson, the hirer of the car; (2) that even though the chauffeur was the agent of defendant, still no negligence was shown, because the negligence of the chauffeur was not chargeable to defendant; and (3) that the contract between Gerretson and defendant was void because made on Sunday, therefore no recovery could be had upon it.

1. There is no evidence in the case tending to show that the chauffeur was the servant of deceased or of W. F. Gerretson. The defendant furnished the car with the chauffeur to operate it, and the chauffeur had charge and management of the car. The deceased or W. F. Gerretson exercised no control as to the operation and management of it.  The chauffeur, therefore, was the servant of the defendant.  *Shepard v. Jacobs,* 204 Mass. 110, 90 N. E. 392; *Little v. Hackett,* 116 U. S. 366, 6 Sup. Ct. 391; *Morris v. Trudo,* 83 Vt. 44, 74 Atl. 387; *Hiroux v. Baum,* 137 Wis. 197, 118 N. W. 533; *Frerker v. Nicholson,* 41 Colo. 12, 92 Pac. 224; *Murray v. Dwight,* 161 N. Y. 301, 55 N. E. 901; *Quarman v. Burnett,* 6 M. & W. 499.

2. The respondent, in support of the judgment below, strenuously insists that the plaintiff cannot recover because the right to recover must be traced through a Sunday contract, and relies mainly upon *Sentinel Co. v. A. D. Meiselbach M. W. Co.* 144 Wis. 224, 128 N. W. 861.  In that case the action was brought to recover upon *quantum meruit* for services performed on Sunday, and it was held that no recovery could

be had because of our statute, sec. 4595, Stats. (1898), which prohibits labor, business, or work, except only works of necessity or charity, on Sunday.    It will be seen that in that case the contract upon which the suit was based was in direct violation of the statute, being for Sunday publications, and came clearly within the terms of the statute as "labor, business, or work" and not work of necessity or charity.    The right of action in the instant case is not based upon the contract of hiring between W. F. Gerretson and the respondent, even if it should be held that such contract was in violation of the Sunday law, a point we do not decide.    It has been held under statutes quite similar to ours that it is not illegal to walk, drive, or exercise on Sunday.    *Barker v. Worcester,* 139 Mass. 74, 29 N. E. 474; *Sullivan v. Maine Cent. R. Co.* 82 Me. 196, 19 Atl. 169.    Nor to carry home a visitor.    *Buck v. Biddeford,* 82 Me. 433, 19 Atl. 912.    See, also, *Crosman v. Lynn,* 121 Mass. 301.

But whether the contract of hiring was void or not is not material here, since the plaintiff's right of recovery is based upon the tort of the defendant's servant while acting within the scope of his duty in operating the car.    Many cases are cited by both parties from foreign jurisdictions, but the question has been settled by this court in favor of the appellant. *Gabbert v. Hackett,* 135 Wis. 86, 115 N. W. 345; *Sutton v. Wauwatosa,* 29 Wis. 21; *McArthur v. Green Bay & M. C. Co.* 34 Wis. 139, 150; *Knowlton v. Milwaukee City R. Co.* 59 Wis. 278, 18 N. W. 17.

It is argued, however, by respondent that if the contract of hiring were void no duty rested upon the defendant, and that the case should be distinguished from those of common carriers, where the law imposes a duty independent of contract. We think the contention is not only against the decisions of this court but against the great weight of authority elsewhere.

The duty of a common carrier, while in some degree im-

posed by law, is a duty growing out of contract, and this court held in *Gabbert v. Hackett, supra,* that whether the contract was valid or invalid was immaterial, because it had no causal relation with the injury. In the case at bar the defendant undertook for hire to carry the deceased and others, and in the performance of that duty, through negligence, caused the injury to deceased. The contract of hiring had no causal relation with the injury. The cause of action is based upon the tort or negligence of the defendant. In *McArthur v. Green Bay & M. C. Co., supra,* the court said:

"The same state of facts which would entitle the plaintiff to recover, had the injury happened on any day other than Sunday, will entitle him to recover in this action notwithstanding the injury was received on Sunday, and when he was unlawfully navigating the canal with his boats."

See, also, *Bucher v. Cheshire R. Co.* 125 U. S. 555, 8 Sup. Ct. 974; *Kansas City v. Orr,* 62 Kan. 61, 61 Pac. 397; *Gross v. Miller,* 93 Iowa, 72, 61 N. W. 385, 26 L. R. A. 605; *Philadelphia, W. & B. R. Co. v. Philadelphia & H. de G. S. T. Co.* 64 U. S. (23 How.) 209.

3. The evidence being sufficient to warrant the jury in finding that the agent or servant of the defendant was acting within the scope of his duty and that he was guilty of a want of ordinary care which caused the injury, his negligence was the negligence of the defendant. This doctrine is well settled by the decisions of this court. *Schaefer v. Osterbrink,* 67 Wis. 495, 30 N. W. 922; *Bryan v. Adler,* 97 Wis. 124, 127, 72 N. W. 368; *Rogahn v. Moore Mfg. & F. Co.* 79 Wis. 573, 575, 48 N. W. 669; *Bergman v. Hendrickson,* 106 Wis. 434, 82 N. W. 304; *Cobb v. Simon,* 119 Wis. 597, 97 N. W. 276; *Johnston v. C., St. P., M. & O. R. Co.* 130 Wis. 492, 110 N. W. 424; *Hiroux v. Baum,* 137 Wis. 197, 118 N. W. 533; *Steffen v. McNaughton,* 142 Wis. 49, 124 N. W. 1016; *Daley v. C. & N. W. R. Co.* 145 Wis. 249, 129 N. W. 1062.

The principles of the foregoing cases apply to the instant case.    In *Rogahn v. Moore Mfg. & F. Co., supra,* this court said:

"There has been much discussion in the courts as to how far the master is liable for the torts of his servant, and many nice distinctions have been made; but it is generally agreed that for the negligent or wrongful acts of the servant in the line of his duty, for which the master would be liable if the act were done by himself, the master is responsible."

The doctrine is peculiarly applicable to the operation of an automobile.    In *Shepard v. Jacobs,* 204 Mass. 110, 90 N. E. 392, where the court had under consideration the question, it is said:

"The management of an automobile properly can be trusted only to a skilled expert.    The law will not permit such a vehicle to be run in the streets except by a licensed chauffeur of approved competence.    The danger of great loss of property by the owner as well as of injury to the chauffeur, his servant, is such as to make it of the highest importance that care should be exercised in his interest and that the control and management of the machine should not be given up to the hirer."

See, also, *Johnson v. Coey,* 237 Ill. 88, 86 N. E. 678; *Trout v. Watkins L. & U. Co.* 148 Mo. App. 620, 130 S. W. 136; *Routledge v. Rambler A. Co.* (Tex. Civ. App.) 95 S. W. 749; *Morris v. Trudo,* 83 Vt. 44, 74 Atl. 387; *Frerker v. Nicholson,* 41 Colo. 12, 92 Pac. 224.

It follows that the judgment of the court below must be reversed.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.