HANNON, Respondent, vs. VAN DYCKE COMPANY and another, Appellants.

*September 17—October 7, 1913.*

*Negligence of chauffeur of hired automobile: Liability of hirer: Master and servant.*

1. The chauffeur in charge of an automobile kept for public hire is not the agent or servant of the hirer, and the hirer is not responsible for the negligence of such chauffeur unless he in some way participates in or sanctions such negligence.

2. Such participation or sanction is not shown by the single fact that the hirer at one time told the chauffeur to "be careful."

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge.   *Reversed.*

This is an action for the negligent driving of an automobile at a high rate of speed, causing the same to slew and throw the plaintiff out.   The defendant company is a corporation engaged in the real estate business at Green Bay, and the defendant *Constant Van Dycke* is its secretary and treasurer.   The defendant company had the agency for the sale of a farm twelve miles from Green Bay, and the plaintiff had a friend who desired to purchase a farm.   It was agreed that commissions should be shared if the farm could be sold to the plaintiff's friend, and on November 9, 1909, the

defendant corporation, acting through the defendant *Constant Van Dycke,* hired one Sanford, who kept an automobile for public hire at Green Bay, to take the plaintiff, the prospective purchaser, and himself out to see the farm. The trip was made in the afternoon. The defendant *Constant* sat on the front seat with Sanford, while the plaintiff and the purchaser sat on the back seat. The machine was driven fast both going and coming (the jury finding the speed to be thirty-five miles per hour). No protests were made by anybody, except that the defendant *Constant* once told Sanford to be careful. The accident happened on the return trip. The jury found by special verdict that both Sanford and *Constant Van Dycke* were guilty of negligence in the manner in which the car was driven, which negligence was the proximate cause of the injury, and exonerated the plaintiff from negligence. Judgment was rendered for the plaintiff against the corporation and *Constant Van Dycke* for the damages assessed by the jury. Motions by the defendants to change the answers of the special verdict and render judgment thereon for the defendants were overruled, and the defendants appeal.

For the appellants there was a brief signed by *Kittell & Burke,* attorneys, and *Jerome North,* of counsel, and oral argument by *J. A. Kittell.*

For the respondent there was a brief by *Martin, Martin & Martin,* and oral argument by *Joseph Martin.*

WINSLOW, C. J. In this case it is held:

1. The chauffeur, Sanford, was not the agent or servant of the defendants; hence the defendants are not responsible for the negligence of Sanford unless in some way they participated in or sanctioned that negligence. *Gerretson v. Rambler G. Co.* 149 Wis. 528, 136 N. W. 186.

2. The evidence in the present case shows that the defendant *Constant* neither participated in nor sanctioned the conduct of Sanford. The single fact that *Constant* at one

time said "be careful" is not considered as justifying such a finding, in view of the absence of all other evidence tending to show approval of the acts of the chauffeur.

*By the Court.*—Judgment reversed, and action remanded with directions to render judgment for the defendants dismissing the complaint.