DUBISSON v. McMULLIN.

Opinion delivered March 17, 1924.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—A verdict on legally sufficient evidence must be treated as conclusive.

2. MASTER AND SERVANT—WHEN RELATION EXISTS.—When there is a hiring of an automobile or other vehicle by the owner, who furnishes the driver, and the hirer exercises no control over the driver except to direct him when and where to go, the driver is the servant of the owner, and not of the hirer, and the owner is responsible as master for damages caused by the driver's negligence.

3. MASTER AND SERVANT—INSTRUCTIONS.—In an action against a firm of undertakers for personal injuries of plaintiff received in a collision of an automobile furnished by defendants while returning from a funeral, where the defense was that defendants had hired the automobile and had no control over the driver, it was error to refuse to instruct the jury that defendants' liability

depended upon whether they exercised control over the driver, and such refusal was not cured by giving an instruction which submitted the question whether defendants had control of the automobile, since they might have controlled the movements of the automobile without exercising control over the driver in its operation.

4.  APPEAL AND ERROR—ASSIGNMENTS OF ERROR.—Assignments of error in a motion for new trial in respect to giving or refusing instructions need not be separately or specifically made; it being sufficient if the exceptions thereto were specific, and that the exceptions were brought forward into the motion for a new trial.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; reversed.

*Harry H. Myers,* for appellant.

In order to hold a principal liable for a tort of his agent, the agent must have been at the time engaged in his principal's business, and the tort must have been committed while he was carrying on such business. 75 Ark. 579; 63 Ark. 30; R. C. L. 27, § 21; 69 Ark. 313; 85 Ark. 568; 89 Ark. 591; 105 Ark. 114. The court erred in refusing to give instruction number two requested by the defendant. 112 Ark. 417; 2 R. C. L. § 33, p. 1198; 231 N. Y. 8; 125 N. E. 244; 227 N. Y. 291; 18 R. C. L. p. 815, § 268; 205 Mass. 413; 91 N. E. 391; 136 N. W. 186; 149 Wis. 528; 40 L. R. A. (N. S.) 457; 92 Pac. 224; 13 L. R. A. (N. S.) 1122; 116 U. S. 366.

*Murphy, McHaney & Dunaway,* for appellee.

The testimony offered by appellants to show the usage and customs that prevailed, not having been preserved in the motion for new trial, cannot be considered on appeal. 70 Ark. 427; 83 Ark. 216; 108 Ark. 8; 137 Ark. 36. A general exception to several instructions given by the court will not be entertained on appeal if any one of them is good. 75 Ark. 181; 76 Ark. 41; 38 Ark. 539. Where an employer hires his servant to another for a particular employment, the servant, for anything done in such particular employment, must be dealt with as the servant of the person to whom he is hired. 106 S. E. (Ga. App.) 624; 167 Ala. 316; 52 So. 829; 112 Ark. 425.

McCULLOCH, C. J. Appellants are undertakers in the city of Little Rock, and, in the course of their business, they conducted the funeral of a man named Longley, furnishing the coffin and all the equipments, and directing the movements at the funeral. Among other equipments, it is alleged that, as a part of the consideration paid, appellants furnished the automobiles to transport the family and friends of the deceased from the residence to the cemetery and return. Appellee was a friend of the family, and attended the funeral. She occupied one of the automobiles furnished by appellants, and was transported from the home of the deceased to the cemetery, being directed by appellants to take a seat in a certain automobile, and, on the return trip, she was again directed to take a place in the car, but on the return trip there was a collision, caused by alleged negligence of the driver. Appellee received personal injuries, and instituted this action to recover compensation for such injuries. There was a trial of the issue, which resulted in a verdict in favor of appellee, assessing damages at a small sum.

There was a conflict in the testimony as to whether or not the driver of the car was guilty of negligence. The testimony adduced by appellee tended to show that the driver, in operating the car, negligently failed to give the right-of-way to another car coming on an intersecting street, and, in order to avoid a collision, turned into the curb, and ran into a telephone pole.

The testimony adduced by appellants tended to show that the driver was not negligent, but was forced by the negligence of the driver of the other car to turn aside in order to avoid the collision, and thus was forced into the collision with the telephone pole. This issue was, however, submitted to the jury, and the verdict, on legally sufficient evidence, must be treated as conclusive.

One of the grounds on which appellants defended was that they did not furnish the automobiles as a part of their contract with the family of deceased, but that they merely acted as the agent of the family in securing

automobiles from persons engaged in that business. There was a conflict in the testimony on that issue. The widow of the deceased testified that she made a contract with appellants to conduct the funeral and furnish all necessary equipments, including the automobiles, and that she paid for the same on a general bill furnished by appellants, and that there was no separate bill furnished by appellants or any one else for the use of the automobiles. One of the appellants, however, testified that the furnishing of the automobiles was not a part of their contract, but that they merely, as the agents of the widow of the deceased, hired automobiles from another concern, and that they exercised no control over the drivers of the cars, except to direct them when and where to go.

Error of the court is assigned in refusing to give the following, among other instructions requested by appellants:

"2. The owner of an automobile who lets the same for hire, and furnishes a driver to drive the hirer and his guest, the hirer exercising no authority over the driver, except to direct him where to go, the owner is liable, as master, for the driver's negligence, whereby the occupants of the car may be injured. So, in this case, if you find the defendants, Dubisson & Goodrich, acted as the agents of the family to hire, and did hire, the automobile, with a driver to operate the car, and that they exercised no authority towards the driver than to direct him where to go, then they are not liable for any injury which may have been suffered by the occupants of the car, and you will find for the defendants."

The court gave the following modified instruction requested by appellants:

"You are instructed that, if you find the defendants acted as the agents for the family to hire or secure automobiles for the funeral, and, in the exercise of that authority, they used ordinary care in hiring cars and drivers for that purpose, then you will find for the defendants."

The court also gave the following instruction on its own motion:

"If you believe from the evidence that the defendants, in contracting to take charge of the funeral, agreed with Mrs. Longley that he would engage automobiles for her from another, it being understood that he did not have automobiles for transportation of mourners, and used ordinary care and diligence in the hiring of automobiles and drivers thereof, then in that event he would not be responsible for the acts of the driver in charge of the car in which the plaintiff was injured. But if you believe that the defendants undertook to take charge of the funeral, agreeing to furnish the necessary transportation, and there was no express or implied agreement that they were only to act as the agents for Mrs. Longley in securing an adequate number of automobiles, and that the defendants had control of the automobiles after they arrived at their place of business and until after the termination of the funeral services, that is, until the mourners were returned to their homes, then the defendants would be liable for injuries, if any, suffered by the plaintiff by reason of the negligence of the driver of the automobile, if there was any negligence, although the automobile may have been actually owned by some person other than the defendants."

The law seems to be well settled that, where there is a hiring of an automobile, or other vehicle, by the owner, who furnishes the driver, and the hirer exercises no control over the driver except to direct him when and where to go, the driver is the servant of the owner and not of the hirer, and that the former is responsible, as master, for damages caused by the driver's negligence. That principle is clearly announced by this court in the case of *Forbes* v. *Reinman & Wolfort,* 112 Ark. 417. The rule is in accord with the great weight of authority in other States. *McNamara* v. *Leipzig,* 227 N. Y. 291; *Baker* v. *Allen,* 231 N. Y. 8; *Shepard* v. *Jacobs,* 204 Mass. 110; *Gerretson* v. *Rambler Garage Co.,* 149 Wis. 528, 40 L. R. A. (N. S.), 457; *Frerker* v. *Nicholson,* 41 Colo. 12, 13 L.

R. A. (N. S.), 1122.  The hiring of a vehicle under those circumstances constitutes an independent contract, and the test of liability turns on the question as to whether the owner or the hirer controls the movements of the driver.  It is the same principle which controls the question of liability in the case of a borrowed servant, the test, as we have said, being "whether, in the particular service which he is engaged to perform, he continues liable to the direction and control of his master, or becomes subject to that of the party to whom he is lent or hired."  *Arkansas Natural Gas Co.* v. *Miller,* 105 Ark. 477; *St. Louis, I. M. & S. Ry. Co.* v. *Yates,* 111 Ark. 486.

The evidence adduced by appellants in the present case tended to show that they acted as the agents of the widow of the deceased in hiring automobiles for the funeral; that they hired the automobiles from an owner, who furnished the drivers, and that they exercised no control over the drivers except to direct them when and where to go.  If appellants acted merely as agents of the widow of the deceased to procure cars, or if they undertook to furnish the cars themselves, and did so by hiring cars, with drivers, from another concern, and exercised no control in either event over the drivers other than to direct them when and where to go, appellants were not liable for negligence of the drivers.  The law was correctly set forth in the second instruction requested by appellants, which should have been given.  It is true that the court, in the instruction given of its own motion, submitted the question whether or not the defendants "had control of the automobiles after they arrived at their place of business, and until after the termination of the funeral services," but that language was not sufficiently specific to submit the question whether or not appellants exercised control other than that of directing the drivers when and where to go and to make the liability of the appellants depend upon that fact.  The jury might have construed the language, "control of the automobile," as referring to general control, so as to make appellants, the hirers of the car, liable, because they con-

trolled the movement of the automobile, even though they exercised no control over the driver in his operations. The instruction requested by appellants reached to the precise question on which the liability of appellants depended, and it was error to refuse to give that instruction, for no other instruction given by the court reached to the point.

Counsel for appellee rely on the decision of the Georgia Court of Appeals in the case of *Greenberg & Bond Co.* v. *Yarbrough,* 106 S. E. 624, where the facts were similar to those in the present case. Some of the language in that decision appears to be in conflict with what we have said. If so, it is in conflict with what has already been decided by this court in the cases cited above. The instruction given by the trial court in the Georgia case, however, is in accord with the principles we announce, for it made the test of liability of the hirer depend upon whether or not he exercised control over the driver other than to direct him where the machine was to be driven.

It is also contended that the assignments of error with respect to the court's rulings in giving and refusing instructions are not available here, for the reason that the errors were not separately assigned in the motion for a new trial. The record shows that to each of the separate objections to the rulings of the court in giving and refusing instructions there was a separate exception saved at the time, but in the motion for a new trial the assignments were grouped together. For instance, in the motion for a new trial the fourth assignment of error is that the court "erred in refusing to give instructions numbered 1 and 2 asked by the defendants, and part of 3 asked by the defendants, to the refusal thereof defendants excepted, and asked that their exceptions be noted of record, which was done." We have uniformly held that exceptions to a court's ruling in giving or refusing instructions must be separately made at the time, and that exceptions in gross are not sufficient to bring up the instructions for review, unless the instructions objected

to are all incorrect.  *Atkins* v. *Swope,* 38 Ark. 528; *Wells*
v. *Parker,* 76 Ark. 41.   But we have never held that
assignments of error in a motion for a new trial must be
thus separately or specifically made.   It is sufficient that
the exceptions are separately made at the time, and that
those exceptions are brought forward into the motion for
a new trial.  *Wells* v. *Parker, supra.*

For the error in refusing to give appellant's second
instruction the judgment is reversed, and the cause
remanded for a new trial.