## E. F. HUFF *vs.* SAMUEL FORD.

Suffolk.   November 18. — 20, 1878.   COLT & MORTON, JJ., absent.

A person employed and paid by a contractor as driver of a horse and wagon, which,
together with the·driver, the contractor lets by the day to a city to be used in
the work of paving a street, and who has the entire management of the horse as
to the manner of driving him, and whose duty it is to see that he is properly
shod, is the servant of the contractor in so driving the horse and having him
shod, and, for an injury to a third person caused by his negligence in these
respects, the contractor is liable.

TORT for damages occasioned by the defendant's horse kicking
a shoe through a window of a store occupied by the plaintiff.
Answer, a general denial.

At the trial in the Superior Court, before *Pitman*, J., there
was evidence tending to show that on August 31, 1876, the plain-
tiff was in the possession and occupancy of a store on Bromfield
Street in Boston; that a large plate-glass window of the store
was broken by the defendant's horse kicking a loose shoe through
it after he had been violently struck twice ·by the driver; that
the city was then repaving that street; that the defendant was
the owner of horses and wagons which he let, among others the
one in question, and furnished a driver by the day; that the horse,
wagon, and driver were, at the time of the injury complained of,
let by the defendant to the city, and were then under the exclusive
direction and control of the city as to where to go and where to
unload, and what to do in the performance of the work of paving;
that the defendant had no other connection with the premises
than that of letting his horse, wagon, and driver by the day, and
they were kept at his expense; that the driver of the horse which
damaged the plaintiff's window was furnished by and in the
employ of the defendant, who paid him by the week; that the
driver had the entire management of this horse; that he had the
selection of his route to and from the street, fed and took care of
the horse at noon, and at night fed and put him up in the defend-
ant's stable, and harnessed him in the morning; and that it was
his business to see that he was properly shod, and to get him
shod if he needed it.

Upon this evidence the defendant contended, and asked the
judge to rule, that the defendant was not liable in this action.

But the judge refused so to rule, and ruled that the driver was the servant of the defendant; and that, if the window was broken by any want of reasonable care, or by the culpable carelessness of the defendant or his servant, the jury should find for the plaintiff.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*C. P. Hinds*, for the defendant.

*F. L. Hayes*, for the plaintiff, was not called upon.

BY THE COURT. The driver, employed and paid by the defendant, and who had the entire management of the horses as to the manner of driving them, and whose duty it was to see that they were properly shod, was the servant of the defendant in so driving the horses and having them shod; and for injuries to third persons by his negligence in these respects, the defendant was responsible. Whether the damage to the plaintiff's property was caused by such negligence, or by mere accident, was a question for the jury, and appears to have been submitted to them without objection. *Exceptions overruled.*