HARVEY JOSLIN v. GRAND RAPIDS ICE COMPANY.

*Respondeat superior — Temporary employment of another's servant.*

A master is liable for the negligent driving of a servant, even while the latter is acting temporarily for a third person who has hired the team and its driver from the master ; and it is immaterial that the person hiring expressly asked for the services of this particular driver.

In an action brought by a lawyer for a personal injury caused by defendant's negligent driving, the plaintiff's business was not stated and there was only a general allegation of injury. *Held,* that in the absence of any practice of citing the plaintiff to make his allegations

more specific, this was hardly sufficient to warrant the admission of his testimony that the injury prevented his regular attention upon his legal business as before, and of his own sworn estimate as to the value of the time lost to such business.

Error to Kent. (Montgomery, J.)  April 25.—June 6.

CASE.  Defendant brings error.  Reversed

*Taggart & Earle* for appellant.  Where a declaration in case for personal injury does not state the plaintiff's business, he cannot, if a lawyer, testify to the value of his time in his profession for the period during which he was disabled from attending to business : *Tomlinson v. Derby* 43 Conn. 562; *Taylor v. Monroe* id 36; *Baldwin v. Railroad Cor.* 4 Gray 333 ; *Vanderslice v. Newton* 4 Comst. 132 ; but see *Wade v. Leroy* 20 How. 34; *Ballou v. Farnum* 11 Allen 73; *Hanover R. R. v. Coyle* 55 Penn. St. 396 ; and contra *Luck v. Ripon* 52 Wis. 196 ; see also *Chandler v. Allison* 10 Mich. 460 ; *Fuller v. Bowker* 11 Mich. 204; *Shaw v. Hoffman* 21 Mich. 151 ; *Welch v. Ware* 32 Mich. 77 ; *Thompson v. Ellsworth* 39 Mich. 719 ; *Grand Rapids & Ind. R. R. v. Martin* 41 Mich. 667; *Heiser v. Loomis* 47 Mich. 16 ; the rule " respondeat superior " is limited by the proposition that the master's responsibility grows out of, is measured by, and begins and ends with his control of the servant: 1 Pars. Cont. 102 ; he and a person who temporarily hires his servant cannot be severally liable as superiors for the same act : *Laugher v. Pointer* 5 B. & C. 548 ; *Blake v. Ferris* 1 Seld. 48; an employer is not relieved from liability for negligence in work done under the supervision of a contractor if he has reserved to himself control of the manner of performing the work: *Cincinnati v. Stone* 5 Ohio St. 38 ; *Brackett v. Lubke* 4 Allen 138 ; as to the responsibility for injuries done under divided control, see *Crockett v. Calvert* 8 Ind. 127; *Huff v. Ford* 126 Mass. 24; *Robinson v. Webb* 11 Bush 464 ; *Wood v. Cobb* 13 Allen 58 ; *Kimball v. Cushman* 103 Mass. 194; *Clapp v. Kemp* 122 Mass. 481 ; *Ames v. Jordan* 71 Me. 540.

*Kennedy & Thompson* for appellee. As to the suffi-
ciency of the declaration even though plaintiff's business was
not averred, see *Wade v. Leroy* 20 How. 34; *Hughes v.
Heiser* 1 Binney 463: 2 Am. Dec. 459; *Ward v. Smith* 11
Price 19; *Roberts v. Graham* 6 Wall. 578; *Smith v. Sher-
man* 4 Cush. 408; *Penn. & Ohio Canal Co. v. Graham* 63
Penn. St. 299; defendant should have required a more
specific averment, if in doubt as to extent of plaintiff's
claim: *Kean v. Mitchell* 13 Mich. 207; *Pettibone v. Mac-
lem* 45 Mich. 381; the damages which defendant intended
to object to plaintiff's proving are the direct, natural and
necessary results of the act complained of, in the prevention
of business, and are general damages, such as the law im-
plies or presumes from the facts proved; and no special
averment is necessary: *Burrell v. N. Y. & Sag. Salt
Co.* 14 Mich. 34; *Curtiss v. R. & S. R. R. Co.* 20 Barb.
282; *G. R. Booming Co. v. Jarvis* 30 Mich. 308; *Taylor
v. Dustin* 43 N. H. 493; *N. J. Express Co. v. Nichols* 33
N. J. L. 434; *Laraway v. Perkins* 10 N. Y. 371; 1 Chit.
Pl. (8th ed.) 396; 2 Greenl. Ev. § 268; compare *Page v.
Mitchell* 13 Mich. 63; *Johnson v. Mc Kee* 27 Mich. 471;
*Josselyn v. McAllister* 22 Mich. 300; *Hart v. Blake* 31
Mich. 278; as to the responsibility: *Dalyell v. Tyrer* El.
Bl. & E. 899; *Norris v. Kohler* 41 N. Y. 42; *Svenson v.
Atlantic Mail Steamship Co.* 57 N. Y. 108; *Schultz v. C.
M. & St. P. R. Co.* 48 Wis. 375; *Hughes v. Boyer* 9 Watts
556; *Dean v. Branthwaite* 5 Esp. 36; *Smith v. Lawrance*
2 Mood. & R. 2; *Stearns v. Atlantic & St. Lawrence R.
R. Co.* 46 Me. 95; *Sproul v. Hemmingway* 14 Pick. 1;
Story on Agency § 453; Story on Bailm. § 403; Sherman
& Redf. on Neg. § 76; 2 Thomp. Neg. 912; Wood on Mas-
ter & Servant § 317; 2 Hilliard on Torts 438; *Bay City &
E. S. R. R. Co. v. Austin* 21 Mich. 390; *Darmstaetter v.
Moynahan* 27 Mich. 188; *Mc Williams v. Det. Cent. Mills
Co.* 31 Mich. 274; *Lake Superior Iron Co. v. Erickson* 39
Mich. 492.

COOLEY, J. The plaintiff is a lawyer, residing at Grand

Rapids in this State. On the third day of April, 1882, he was driving his horse attached to a buggy in one of the public streets of that city when he came in collision with a wagon driven by one Scott, and was thrown out of the buggy, receiving personal injuries. The horse and buggy were also injured. Plaintiff claims that the collision was due exclusively to the negligent driving of Scott. It appears that Scott was at the time a servant in the general service of the defendant, and had been regularly in its employment for several months. On the day when the collision occurred one Collins, who was engaged in contract work on one of the streets, had hired of defendant one of its teams for his own business, as he had repeatedly done before, with the understanding that defendant was to send a driver with the team, and that Collins would pay to defendant the charge for team and driver. On this occasion Collins had requested that Scott be sent as driver, and he was sent in compliance with that request. It was while Scott was driving the team in the business of Collins that the collision occurred. Plaintiff brings this suit to recover for the injury to himself, his horse and vehicle, and in the court below has been awarded six hundred dollars.

The ground of the recovery is that Scott, the driver, was at the time of the injury in the service of the defendant, and that therefore the defendant was liable for his negligence on the doctrine of respondeat superior. The point of chief contention in the case is whether Collins or the defendant was in law, for the purposes of the application of this doctrine, to be regarded as the master. Defendant employed and paid Scott, and we are to suppose had the power to direct where and for whom his services should be given and to discharge him for misconduct or incompetency. But on the other hand he was engaged in the business of Collins for the day, and Collins had the right to direct his actions and must be assumed to have sent him with the team along the street where the collision occurred. The facts make the case unusual, and there is ample room for

difference of opinion respecting the application of the general principle.

But the case is directly within *Quarman v. Burnett* 6 M. & W. 499, which, whether correctly decided or not, has been too often and too generally recognized and followed to be questioned now. In that case it appeared that the owners of a carriage were in the habit of hiring horses from the same person to draw it for a day or drive, the owner of the horses providing a driver. This driver on one occasion causing injury by his negligence, the owners of the carriage were held not responsible for this injury. And it was further held to make no difference that the owner of the carriage had always been driven by the same driver, he being the only regular coachman in the employ of the owner of the horses; or that they had always paid him a fixed sum for each drive; or that they had provided him with a livery which he left at their house at the end of each drive, and that the injury in question was occasioned by his leaving the horses while so depositing the livery where he was accustomed to leave it. Baron Parke in that case says: "Upon the principle that qui facit per alium facit per se, the master is responsible for the acts of his servant; and that person is undoubtedly liable who stood in the relation of master to the wrong-doer—he who had selected him as his servant, from the knowledge of or belief in his skill and care, and who could remove him for misconduct, and whose orders he was bound to receive and obey." That person was the owner of the horses, and not any one at whose service the horses and the driver were temporarily placed. Some of the English cases which follow *Quarman v. Burnett* are quite analogous in their facts to the one before us. See *Fenton v. Dublin Steam Packet Co.* 8 A. & E. 835; *Dalyell v. Tyrer* E. B. & E. 899; so also are several of the American cases: *Weyant v. Railroad Co.* 3 Duer 360; *Blake v. Ferris* 5 N. Y. 48; *Smith v. Railroad Co.* 19 N. Y. 129; *Norris v. Kohler* 41 N. Y. 42; *Crockett v. Calvert* 8 Ind. 127; *Huff v. Ford* 126 Mass. 24. Some of these cases the counsel for defendant seeks to distinguish,

but, as we think, without success. And it is immaterial to the application of the principle that the hirer of the team selected the driver. *Quarman v. Burnett*, supra; *Holmes v. Onion* 2 C. B. (N. S.) 790, 794; *Reedie v. Railway Co.* 4 Exch. 244.

A further question concerns the rule of damages. The plaintiff in his declaration, after describing the injury to the horse and buggy alleges further that, " by means of the several premises aforesaid the said plaintiff was then and there greatly bruised, hurt and wounded, and became and was sick, sore, lame and disordered, and so remained and continued for a long space of time, to-wit: hitherto, during all which time the said plaintiff suffered great pain, and was hindered and prevented from performing and transacting his lawful affairs and business by him during that time to be done and transacted, and said plaintiff was in fact on account of said wounds, hurts and bruises permanently injured and disabled," &c. The particular business of the plaintiff is not mentioned, or any special injury to it further than is above shown. The trial judge allowed the plaintiff to show that the injury prevented his attending regularly upon his legal business as before, and also to give his own estimate under oath of the value of his time which was lost to his legal business in consequence.

The case of *Wade v. Leroy* 20 How. 34 supports this ruling. *Taylor v. Monroe* 43 Conn. 36; *Tomlinson v. Derby* 43 Conn. 562; and *Baldwin v. Railroad Corp.* 4 Grey 333, are contra. These cases are cited with approval in 1 Sutherland on Damages 766, and we incline to follow them. If the plaintiff intends to claim damages for injury in a particular employment, it is no hardship to require him distinctly to say so. But as the occupations of parties which are more or less profitable to them are not always matters of general knowledge in the community, a rule which would suffer the plaintiff to prove losses in a particular employment under such general allegations as we have here might in some cases operate very unjustly to the defendant.

If any practice existed in this State, corresponding to that

in Wisconsin, of citing the plaintiff to make his allegations more specific, we might very properly follow *Luck v. Ripon* 52 Wis. 196. But we have no such practice.

The judgment must be set aside with costs, and the case go down for a new trial.

GRAVES, C. J. and CAMPBELL, J. concurred.