WEAVER v. JACKSON et al.

(Supreme Court, Appellate Division, First Department.   December 6, 1912.)

MASTER AND SERVANT (§ 301*)—LIABILITY TO THIRD PERSON—THE RELATION.
　　Where defendants, under an agreement to assume responsibility from the time the goods were delivered to them till they were delivered to their destination, furnished S., for delivery purposes, at a fixed weekly rate, exclusive use of a horse and truck and a driver, whom they hired and paid, the driver, while subject to the orders of S. as to times and places of deliveries, was the servant of defendants, as concerns the handling and management of the horse and truck, so that they were liable for his negligence in that respect, causing injury to plaintiff.
　　[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216;  Dec. Dig. § 301.*]

Appeal from Trial Term, New York County.

Action by James Weaver against Jacob W. Jackson and another. From a judgment dismissing the complaint after trial, plaintiff appeals.   Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Walter J. Rosenstein, of New York City, for appellant.
E. Clyde Sherwood, of New York City, for respondents.

SCOTT, J.   Appeal by plaintiff from a judgment entered upon a dismissal of the complaint at Trial Term.   The action is for damages for injuries caused, as it is said, by the negligence of one Wolf, the driver of a truck belonging to defendants, and who was, as plaintiff contends, the agent and servant of defendants.   That there was sufficient evidence of Wolf's negligence to take the case to the jury does not appear to be questioned by the respondents.   They claim, however, and the trial court so held, that at the time of the accident the said Wolf was the servant of and in the employ of the firm of Sternau & Co.   The correctness of this holding is the only question we have to consider on this appeal.

The plaintiff was a shipping clerk in the employ of the firm of Sternau & Co., and at the time of the injury was engaged in loading a heavy case of glass upon a truck of which Wolf was the driver. The truck and horse were the property of defendants, who employed and paid the driver, whom they selected, and had the right to discharge.   Sternau & Co. had the exclusive use of the horse and truck, which was furnished by defendant at a fixed weekly rate, under an agreement that defendants should assume the responsibility from the time the goods were delivered to them until they were delivered to their destination.   On the morning of the day on which plaintiff was injured, Wolf, the truck driver, had called at the place of business of Sternau & Co., and had backed his truck up to the delivery platform to permit of the loading of a heavy case of goods.   Plaintiff and other employés of Sternau & Co. were engaged in loading the case upon the truck, when the latter, in consequence, as it is said, of Wolf's

negligence, started away from the platform, causing the case to fall and injure plaintiff.

The defendants rely upon Howard v. Ludwig, 171 N. Y. 507, 64 N. E. 172, decided by the Court of Appeals in 1902 by a closely divided court. In that case the plaintiff had been injured by the negligence of the driver of a delivery wagon employed in the business of delivering goods belonging to the firm of Ludwig Bros. It was proven that an express company furnished Ludwig Bros. with a truck, horses, and driver for the purpose of making deliveries, for which the express company was paid $30 a week. There was some confusion as to the terms of the contract, which was oral, and had been in operation for a number of years. The prevailing opinion stated the rule applicable to the case as follows:

"If, as is claimed by the defendants, the contract was that the express company was to deliver all the goods sold by defendants on Staten Island each week for $30, *and the company was to be responsible for the goods, if lost*, then unquestionably the defendants would not be liable in this action. But if, instead thereof, the arrangement was that the defendants should pay $30 a week for the team, truck, and driver, and they took charge of the delivery of the goods, sending the team to Staten Island, or around New York, making deliveries as the exigency of their business required, then the relation of master and servant was created between them and the driver, and they both became liable for his negligent acts."

It is clear that this case is not controlling upon the present; for, of the two cases supposed by the writer of the prevailing opinion, the facts of the principal case correspond much the more closely to the supposed case first stated. As it was, the minority of the court united in a strong dissent, written by the Chief Judge, who quoted the basis of the rule of respondeat superior from the opinion of the Court of Appeals in Maxmilian v. Mayor, etc., 62 N. Y. 160, 20 Am. Rep. 468, as follows:

"This rule of respondeat superior is based upon the right which the employer has to select his servants, to discharge them if not competent, or skillful, or well behaved, and to direct and control them while in his employ. The rule has no application to a case where this power does not exist."

The case at bar is not to be distinguished in principle from Kellogg v. Church Charity Foundation, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481. In that case the defendant owned, controlled, and managed a hospital, and in connection with said hospital owned and used an ambulance. When occasion arose for the use of the ambulance, a livery stable keeper furnished a horse and driver to propel it. The driver was employed by the livery stable keeper by the week, and when not engaged in driving the ambulance worked around the stable. The injury to the plaintiff resulted from his negligent driving of the ambulance. Of course, when driving the ambulance, he was subject to the direction of the defendant as to where he was to drive. The court, in a carefully considered opinion held that the Foundation was not responsible for the driver's negligence, saying inter alia:

"While it is thus clear that, when one lets out a vehicle and driver on hire to another, he does not place the coachman under the control of the

hirer, except so far as to the destination and stopping places are concerned, and generally the rate of speed at which the vehicle is to be driven, it is equally plain that cases may arise in which there is such active interference by the hirer with the management of the team as to render him responsible for any negligent injury which may be inflicted upon a stranger by reason of such mismanagement."

There is no suggestion in this case that Sternau & Co. interfered in any way with the management of the truck and horse by the driver. The opinion concludes with the following excerpt from the opinion of the Supreme Court of the United States in Standard Oil Co. v. Andersen, 212 U. S. 215, 29 Sup. Ct. 252, 53 L. Ed. 480:

"The simplest case, and that which was earliest decided, was where horses and a driver were furnished by a liveryman. In such cases the hirer, although he suggests the course of the journey and in a certain sense directs it, still does not become the master of the driver and responsible for his negligence, unless he specifically directs or brings about the negligent act."

The present case falls directly within the principles enunciated in the case last cited, and many others which are to the same effect. The driver of the truck was employed and paid by defendants, who alone selected him and had the sole and complete power to discharge him. So far as concerned the times and places at which deliveries were to be made, the driver undoubtedly was subject to the orders of Sternau & Co.; but so far as concerned the handling and management of the horse and truck he was the defendants' servant. The distinction is perfectly clear and has frequently been pointed out.

The judgment appealed from is reversed, and a new trial granted, with costs to appellant to abide the event. All concur.