(158 App. Div. 551.)

## VASLIGATO v. YELLOW PINE CO.

(Supreme Court, Appellate Division, Second Department.    October 31, 1913.)

MASTER AND SERVANT (§ 301*)—EXISTENCE OF RELATION.

Plaintiff was run over by a lumber truck owned and used by defendant but driven by a driver furnished by a public truckman, from whom defendant had engaged extra horses and drivers. The driver received his wages from the truckman and on the morning of the accident was directed to harness his horses and go to defendant's lumber yard and take out defendant's trucks as directed by him; he selecting his own route. He was not accompanied by defendant's representative, and defendant had no power to engage or discharge him. *Held*, that the relation of master and servant did not exist between the driver and defendant, so that the latter was not responsible for the former's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

Appeal from Trial Term, Kings County.

Action by Louis Vasligato, an infant, by Frank Vasligato, his guardian ad litem, against the Yellow Pine Company. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, STAPLETON, and PUTNAM, JJ.

Frederick S. Martyn, of Brooklyn (Frank V. Johnson, of New York City, on the brief), for appellant.

Edgar J. Treacy, of New York City, for respondent.

PUTNAM, J. At a time when defendant had to make large deliveries of lumber, it engaged extra horses and drivers from a public truckman, one James J. McAllister. While driving along Hudson avenue, Brooklyn, a lumber truck, owned and used by defendant, but driven by a driver furnished by McAllister, ran over the plaintiff. This driver received his wages weekly from Mr. McAllister. On the morning of this accident the driver had reported to the McAllister stables, where he took his orders for the day. He was to harness his horses, go with them to defendant's lumber yard, and drive out defendant's loaded trucks, as defendant directed. At the yard the driver was given the destination of his loads and he proceeded to make deliveries, without being accompanied by any representative of defendant. At the end of the month, defendant paid Mr. McAllister at the rate of $7 a day for the horses and driver. Defendant could not select, engage, or discharge the driver; if dissatisfied, defendant could only complain to Mr. McAllister and perhaps demand another driver to be substituted. The defendant had merely told the driver where to drive, without directing his route or otherwise interfering with the driver's actions.

These undisputed facts showed that the driver remained the servant of his general employer and had not come under the exclusive control of defendant. As the legal relation of master and servant did not exist between the defendant and this driver, the complaint was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

properly dismissed. Kellogg v. Church Charity Foundation, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883; Weaver v. Jackson, 153 App. Div. 661, 138 N. Y. Supp. 609.

I advise that the judgment of dismissal be affirmed, with costs. All concur.