## HANATSEK v. WILSON et al.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

1. MASTER AND SERVANT (§ 301*)—INJURIES TO THIRD PERSON—LIABILITY.

In determining whether one who was using a vehicle, hired from a truckman, for delivering goods, was liable for the negligence of the driver, the controlling question is whether the contract between the truckman and the hirer of the vehicle placed the driver under the hirer's exclusive control as to the general management of the team so as to make him the hirer's servant for the time being.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

2. MASTER AND SERVANT (§ 301*)—INJURIES TO THIRD PERSON—LIABILITY.

Plaintiff was injured by the negligence of the driver of a vehicle, hired from a truckman, to deliver goods for defendant. The truckman was engaged in the trucking business generally, and had a contract with defendant by which defendant was entitled to a preference in the use of four small wagons, defendant's name being upon brass plates screwed upon the wagons, and, at the time of the accident, defendant's goods were in the wagon and his servant sat on the seat with the driver. The driver did not deliver the goods, but merely drove where defendant's servant directed, and was employed and paid by the truckman to whom he reported each morning and received directions to go to defendant's place of business or elsewhere. The truckman could send his wagons out to others, and often defendant was not able to obtain a wagon from him and, when

he did, did not select its driver. *Held,* that the driver was not defendant's employé so as to make defendant liable for plaintiff's injuries.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

3. MASTER AND SERVANT (§ 330*)—EXISTENCE OF RELATION.

The fact that defendant's name plate was on a wagon hired by defendant from a truckman for the delivery of defendant's goods was, at most, only prima facie evidence that the driver of the wagon was defendant's employé.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1270–1272; Dec. Dig. § 330.*]

Appeal from Trial Term, Queens County.

Action by Paul Hanatsek, as administrator of Rudolph Hanatsek, deceased, against Peter K. Wilson and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and CARR, RICH, STAPLETON, and PUTNAM, JJ.

Henry S. Mansfield, of New York City, for appellant.

John Ewen, of New York City, for respondents.

JENKS, P. J. The action is for the negligent driving of a horse and wagon whereby the plaintiff's intestate was killed when standing at gaze in a city street. The action was begun against Tormey & Co., truckmen, and P. K. Wilson & Son, merchants. But Tormey & Co. adjusted the claim, and the case was continued against P. K. Wilson & Son alone. The plaintiff was nonsuited at Trial Term, and appeals. The question presented is whether the driver at the time of the accident was the servant of the truckmen or of the merchants. As the nonsuit was ordered at the close of the plaintiff's case, the question is not presented by any proof adduced by the defendants.

There are many cases in the books. But, as each case shows peculiar facts, those decisions are of value only so far as they state the principles and apply them to similar facts; and yet facts that have been regarded as controlling in one case may appear as minor in another case, in that they are weakened, limited, explained, or overborne by other facts.

[1] I think that the essential preliminary question in such a case is whether the contract between the general employer of the driver and the hirer of the vehicle placed the driver under the exclusive direction and control of the latter as to the general management of the team, and thus for the time being the driver was the servant of the hirer. Kellogg v. Church Charity Foundation, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883, and authorities cited; Labatt on Master & Servant (2d Ed.) vol. 1, 177; Joslin v. Grand Rapids Ice Co., 50 Mich. 516, 15 N. W. 887, 45 Am. Rep. 54; Oulighan v. Butler, 189 Mass. 287, 75 N. E. 726.

[2] The truckmen were engaged in that business generally. Four small wagons were used to carry the defendants' goods, under a contract that gave a preference to the defendants in such use, and in consideration the defendants paid $440 a month to the truckmen.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The name of the defendants was placed upon brass plates screwed upon these wagons. At the time of the accident there were packages of the defendants' goods in the wagon, and a servant of the defendants sat on the seat with the driver. The stand of the truckmen had been in front of the premises occupied, upon the ground floor and basement, by the defendants, but was removed, and thereafter the wagons sometimes stood around the street in front of the premises during the daytime, when they were not "down the road." The truckmen kept their wagon and trucks in a stable.

[3] The circumstance of the name plate, at most, was but evidence prima facie against the defendants. Kellogg v. Church Charity Foundation, supra, 203 N. Y. 196 and 199, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883; Smith v. Bailey, 2 Q. B. C. A. 403; Caston v. Consolidated Plate Glass Co., 26 Ont. App. Rep. 63. It appears that the truckmen had seven "clients" other than the defendants, and used the said four wagons for the business of such clients, without requiring special permission from the defendants. The plaintiff sought, but failed, to establish that at the time of the accident the load on the wagon was made up exclusively of the goods of the defendants. When the defendants sought delivery for their goods, one of their servants took the packages to the truckmen, who told that servant in which one of the wagons they must be placed, and the servant then went out with that wagon and returned with the receipts for the deliveries made by him. This servant when on the wagon had personal charge of the goods, personally and exclusively made the deliveries, and from time to time directed the driver to the various places for delivery. The driver took no part in the deliveries, was not even furnished with a list of places, and he did nothing more than drive according to the said directions. The truckmen were the owners of the horses and wagons and harness, and they hired this driver and paid his monthly wages. The driver was accustomed to report to the truckmen each morning, and the truckmen gave directions to him, to go to the defendants' place, or, as I understand it, elsewhere. None save the truckmen or their employés ever gave any directions to the driver save those described as to the driving from place to place when in carriage of the defendants' goods. The defendants had nothing to do with the driver—nothing to do with his selection. The truckmen were free to send out their wagons as they chose, and on many occasions the defendants could not get any wagon from them. This course of business had existed for 13 years. If the defendants had been at any time dissatisfied with the driver, their course was to complain to the truckmen, who would investigate with the view that the driver was satisfactory both to the truckmen and to the defendants.

It seems to me that the probative force of such circumstances as to the stand and the deliveries is much less than the somewhat similar circumstances detailed in Moore v. Stainton, 80 App. Div. 296, 80 N. Y. Supp. 244, affirmed on opinion below 177 N. Y. 581, 69 N. E. 1127, and that the testimony as to the name upon the wagon is not a material circumstance in this case. There was no control in the defend-

ants over the driver in the management of his team, save the right to direct the driver where to go and when to stop for the delivery, and this was not sufficient to make the driver the servant of the defendants. Kellogg v. Church Charity Foundation, supra, 203 N. Y. at page 197, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883; Little v. Hackett, 116 U. S. 366–380, 6 Sup. Ct. 391, 29 L. Ed. 652; Moore v. Stainton, supra; Quinn v. Complete Electric Const. Co. (C. C.) 46 Fed. 506; Joslin v. Grand Rapids Co., supra.

I think that his proof, all adduced by the plaintiff, did not present as an issue for the jury the question whether the driver was the servant of the defendants. Authorities, supra; Vasligato v. Yellow Pine Co., 158 App. Div. 551, 143 N. Y. Supp. 817; Weaver v. Jackson, 153 App. Div. 661, 138 N. Y. Supp. 609.

The judgment should be affirmed, with costs. All concur.