(87 Misc. Rep. 305)

### DIAMOND v. STERNBERG MOTOR TRUCK CO.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

MASTER AND SERVANT (§ 301*)—INJURIES TO THIRD PERSONS—RESPONDEAT SUPERIOR—MOTOR TRUCK DRIVER—NEGLIGENCE—PERSONS LIABLE.

Defendant owned a motor truck, which it rented to the T. Company, who hired the chauffeur; his wages, however, being paid by defendant, although the chauffeur took his instructions from the T. Company. *Held* that, where plaintiff was injured by the chauffeur's negligence in operating the truck, the T. Company, and not defendant, was liable as master.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Philip Diamond against the Sternberg Motor Truck Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Walter G. Evans, of New York City (Walter R. Kuhn, of Brooklyn, of counsel), for appellant.

Henry Lieb, of New York City, for respondent.

BIJUR, J. Plaintiff sued for personal injuries caused by an automobile truck. The evidence shows, without contradiction, that the truck was owned by the defendant, and that the wages of the chauffeur were paid by the defendant; that the truck, however, was rented out to another concern, the Turner Company, which was engaged in snow removal; that the chauffeur took his instructions from that company; and that, in point of fact, although his wages were, under the agreement, to be paid by the defendant, he personally had been hired for this job by the Turner Company. Under the circumstances, if there is any liability, it is that of the Turner Company, and not of the defendant, under the rule which we have followed in Di Salvo v. Larkin, 83 Misc. Rep. 111, 144 N. Y. Supp. 776. See, also, Hanatsek v. Wilson, 161 App. Div. 634, 146 N. Y. Supp. 1016.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes