Judgment of conviction of the County Court of Kings county affirmed.

---

JENNIE GRASTATARO, as Administratrix, etc., of JOSEPH GRASTATARO, Deceased, Respondent, Appellant, *v.* WILLIAM A. BRODIE, Appellant, and BROOKLYN METAL DECORATING AND DIAL COMPANY, Respondent.

Second Department, December 12, 1919.

Master and servant — general contractor — liability of truckman for negligence of driver while engaged in transporting merchandise for another.

In an action against the owner of trucks and a company for whom the truck owner carried merchandise, usually by the day rather than at a package rate, for the death of the plaintiff's intestate caused by the negligence of the driver of one of the trucks while transportating merchandise for the said company, evidence examined, and *held*, to show that a recovery against the owner of the truck, the general employer of the driver in fault, was right, as he was in the position of a general contractor, so that his drivers did not become servants of the company.

APPEAL by the defendant, William A. Brodie, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 8th day of March, 1919, upon the verdict of a jury for $7,500, and also from an order entered in said clerk's office on the 27th day of March, 1919, denying defendant's motion for a new trial made upon the minutes.

Appeal by the plaintiff, Jennie Grastataro, as administratrix, from so much of said order as denies plaintiff's motion to set aside the verdict in favor of the defendant Brooklyn Metal Decorating and Dial Company.

Plaintiff's intestate, while engaged in his duties as street sweeper in Brooklyn, was run over and killed by one of the trucks of the defendant Brodie. Negligence of this driver and the deceased's freedom from contributory fault were both conceded. Defendant Brodie owned many trucks with the horses therefor, and employed and paid the drivers, including Greenhill, the truck driver in question. These trucks for many years had been sent to carry merchandise for the Brooklyn Metal Decorating and Dial Company, hereinafter called the Metal Company. The way of dealing had been for the Metal Company's men to telephone to Brodie a day ahead, stating what deliveries it was ready to make, giving Brodie the numbers of the boxes, the destinations, also, in some instances, what return loads of tin plate would be expected; and the next morning the required Brodie trucks would appear for their loads. Frequently one truck might make two daily deliveries. To fulfill such telephone orders, Brodie assigned the particular trucks, named the drivers therefor, laid out to each his day's work, sometimes telling the drivers which way to go. If the Metal Company asked any truck to take back a load not previously arranged for, the drivers would demur, until Brodie's office had been phoned to, and the drivers received permission from Brodie. Although such trucks bore Mr. Brodie's name on the front and sides, the name of the Metal Company was also carried on the signboard upon the rack of that truck, thus employed.

The Metal Company representatives never designated a driver, and gave no directions as to the route or manner of the delivery.

Brodie's receipts were in the form of a bill of lading. At destination the drivers took the consignee's receipts which were handed to Brodie, who returned them to the Metal Company. Although some goods had been carried at a package rate, in most instances Brodie's trucks were paid for by the day. If in the handling or delivery of goods on the trucks any shortage arose, Brodie made good such losses.

*Murray G. Jenkins* [*William Dike Reed* with him on the brief], for the appellant.

*John C. Robinson* [*Gilbert D. Steiner* with him on the brief], for the respondent, appellant.

*Bertrand L. Pettigrew,* for the respondent.

PUTNAM, J.:

This recovery against defendant Brodie, the general employer of the driver in fault, was right. He was in the position of a general contractor, so that his drivers did not become servants of the Metal Company. (*Carr* v. *Burke,* 183 App. Div. 361, 364; *Kellogg* v. *Church Charity Foundation,* 203 N. Y. 191; *Vasligato* v. *Yellow Pine Co.,* 158 App. Div. 551.)

The judgment and order should be affirmed, with costs to plaintiff as against the defendant Brodie, and with one bill of costs to the Metal Company, to be paid jointly by defendant Brodie and by the plaintiff.

Present — RICH, PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs to plaintiff as against the defendant Brodie, and with one bill of costs to the Metal Company, to be paid jointly by defendant Brodie and by the plaintiff.