# Richmond.

## B. H. BEASLEY AND B. H. BEASLEY, TRADING AS AUTO FOR HIRE COMPANY v. SIDNEY S. WHITEHURST.

March 21, 1929.

The opinion states the case.

*Sinnott, May & Leaman*, for the plaintiffs in error.

*Ernest S. Merrill*, for the defendant in error.

WEST, J., delivered the opinion of the court.

This is a writ of error to a judgment in favor of Sidney S. Whitehurst, designated as plaintiff, against B. H. Beasley and B. H. Beasley, trading as Auto for Hire Company, designated as defendant, for $8,000.00 damages for personal injuries sustained by the plaintiff in a collision between the plaintiff's buggy and an automobile owned by the defendant and operated by one Willie Ganey.

The collision occurred at the intersection of Calvert and Chappell streets, in the city of Norfolk, Virginia.

The defendant was engaged in the Auto for Hire business in the city of Norfolk, otherwise known as the "Drive It Yourself" business. He owned and operated a garage and kept automobiles for hire, the renter of the car usually employing his own chauffeur or driving the car himself. A short while before the accident, the United States Shipping Board wished to rent an automobile and secure the services of a chauffeur, for the purpose of transporting certain of the employees and officials of the Shipping Board from their residences in and near Norfolk to their places of employment at the Army Base, and in and about the ship "Mount Vernon," which was anchored near by. Carl E. Peterson, representing the Shipping Board, applied to the defendant to rent a car and secure the services of a chauffeur for about one month. The defendant offered to rent them a car furnished with gas and oil at a rental of $10.00 per day, but informed them that he did not furnish chauffeurs. Being told that they must have a chauffeur, the defendant agreed to furnish one at the additional sum of $3.00 per day. The Shipping Board paid $13.00 per day to the defendant, who out of that sum paid over to Willie Ganey, the

chauffeur, three dollars per day for his services. Ganey was not an employee of the defendant at the time the contract was entered into, but was employed as a driver for the Shipping Board, which was to have exclusive control of the car under the direction of Carl E. Peterson, from seven A. M. until nine P. M. each day, during the life of the contract.

The written contract between the defendant and the Shipping Board appears in the following letter:

"Auto for Hire Company, Inc.,

1739 Church St.,

Norfolk, Va.

Attention—Mr. Ben Beasley, Manager.

"Dear Sir:

SUBJECT; Rental of Automobile.

"Confirming our various telephone conversations of the 6th instant, it is our understanding that you will furnish an automobile from seven A. M. until nine P. M. daily, including Sundays, for use as per directions of Mr. Carl E. Peterson at a flat rate of $13.00 per day, which will include automobile, chauffeur, gasoline, cylinder oil and all incidental expenses in connection with the furnishing of said automobile. As stated in our telephone conversation, this automobile will be used locally between the S/S 'Mount Vernon,' Norfolk Army Base, and different parts of the city as required, and no long trips or outside of the city trips will be required. We will furnish your chauffeur a sample bill which you may submit at the close of business each week, duly certified in twin triplicate, and we will arrange for the prompt payment of same direct to you through the disbursing office, United States Lines, 45 Broadway, New York City. It is anticipated that automobile service will be required approximately three or four weeks. Kindly acknowledge receipt your un-

derstanding and acceptance of the conditions enumerated above.

"G. F. LAIRD, DISTRICT DIRECTOR.
"BY E. A. JAMISON."

The first assignment of error reads:

"The court erred in refusing to set aside the verdict of the jury and to enter final judgment in favor of the defendant. The defenses of the defendant were three, viz:

"1. That the defendant's car was not involved in the accident.

"2. That Willie Ganey was not the agent of the defendant in the operation of said automobile, but was the agent of the Shipping Board.

"3. That even if he were the agent of the defendant, he was not at the time of the accident on any business for either the defendant or the Shipping Board, but that he had gone on a mission of his own, having abandoned the work of the United States Shipping Board, which he was delegated to perform, and had gone entirely out of his way and to a point where he had no business to perform for either the defendant or the Shipping Board but was on a mission of his own."

[1] We find no merit in the contention that the car was not involved in the accident. The evidence is conflicting, but there is ample evidence to sustain the finding of the jury on that question.

F. A. Frias testified that he saw the car strike the buggy in which Whitehurst was riding and pull it toward the right. After the impact he saw the left back wheel of the buggy hanging up on the bumper and fender of the car. In answer to the question, "Is there any doubt in your mind about his (Ganey) being the driver of the car?" Frias replied. "I know

he is the one." A day or two after the accident Ganey begged Frias not to say anything about it.

Witness Godwin testified that he recognized Willie Ganey a short time after the accident and saw him stop the car and take a buggy wheel off the back of the car, which had been knocked from the buggy Whitehurst was driving.

The second contention is that Willie Ganey was not the agent of the defendant in the operation of the automobile, but was the agent of the Shipping Board.

According to the undisputed facts the defendant, on the day of the accident, had nothing to do with the car and exercised no control over it or the driver. The car had been reported to the Shipping Board at seven A. M., and both the car and the driver were subject to its sole control from that time to nine o'clock P. M. of that day. The accident occurred at 9:10 A. M.

The contract provides that the car was rented "for use as per directions of Mr. Carl E. Peterson," the representative of the United States Shipping Board.

In *Carr* v. *Burke*, 183 App. Div. 361, 169 N. Y. S. 981, the court held that where a truck or team was subject solely to the orders of the party renting it, the owner of the truck, who exercised no control over the truck or the driver, was not liable for damages.

The master can be held liable for the negligent acts of his servant only where he acts for the master, within the scope of his authority.

The car and the chauffeur both being subject to the exclusive control of the Shipping Board from seven A. M. to nine P. M., the defendant was without authority to operate the car himself or to authorize the chauffeur to operate it for him. Every act of the chauffeur, therefore, in the movement of the car at the

time of the accident was without the scope of any authority vested in the defendant, and the chauffeur, under such circumstances, could not be the agent or servant of the defendant.

■ The defendant in error quotes from Cyclopedia of Automobile Law Annotated (Blashfield), Vol. 2, pages 1343-1351, to support his contention that the chauffeur involved in the accident was the servant of the defendant, Beasley. In the light of facts involved in the instant case, we are of the opinion that the authorities relied on do not apply here. The authority relied on holds that the controlling inquiry is whether the driver was, at the time, engaged in performing work for the owner within the scope of his employment. The answer is that the work, in the instant case, was being done for and under the direction of the Shipping Board and not the defendant.

■■ The same authority further says that the fact that the owner of an automobile, who furnishes it with a chauffeur or driver to another, and permits it to be used in the service of the latter, does not make the owner liable for the negligence of the chauffeur in operating the machine where the owner does not retain control over its operation or management. By the contract in the instant case, the entire control of the operation and management was taken from the defendant and placed in the hands of the Shipping Board.

It follows that the judgment in favor of the plaintiff must be reversed and a final judgment entered here for the defendant.

As the final judgment is for the defendant, a further consideration of the assignments of error is deemed unecessary.

*Reversed and final judgment.*